1, any use of Tosolini to attack validity of the claims isinappropriate because it is not prior art.

Thus defendant has not established invlaidity of Claim 2 of '071.

### Claim 3 of the '071 Patent

**The self-service computer of claim 1, wherein said GUI includes a status area, and further comprising a second image which covers said status area of said GUI or said browser software.**

Defendant claims "Adding a second image is obvious – if you cover one bit it is mere engineering to cover another bit as well." This statement, while possibly true, is meaningless when applied to the above claim because it implies that bits are randomly being covered.   However, claim 3 indicates a specific "status area" and specific bits must be covered in a controlled fashion. Thus, adding a second image is not obvious. Furthermore, since defendants have not expressed the level of ordinary skill in the art to which the patent pertains at the time of the invention, there is no basis upon which they can assess 'obviousness'. Defendants' conclusion of "obviousness" is wholly unsupported by evidence.

Thus defendant has not established prior art and has not established invalidity of Claim 3 of '071.

### Claim 6 of the '071 Patent

**The self-service computer of claim 1, further comprising GUI control software executable on said microprocessor to generate said image.**

Defendant claims "The addition of GUI control software is obvious, and in fact just seems to restate Claim 1". This is not the case. Claim 1 permits two sets of software, the second software being responsible for generating the images. Claim 6 permits the images to be generated in one set of software. It is not only not obvious how to do this, but requires a sophisticated design to synchronize the re-fresh of the computer display. As argued above, defendants also have not articulated the standard by which its conclusions of "obviousness" have been made and therefore there is no supportable conclusion to rebut.

Thus defendant has not established prior art and has not established obviousness for Claim 6 of '071.

### Claim 7 of the '071 Patent

**The self-service computer of claim 6, further comprising file transfer protocol (FTP) server software executable on said microprocessor for remotely updating said GUI control software and/or said browser software.**

Defendants reference the following two paragraphs in claiming that claim 7 is obvious:

"8.2.4 The Network
Networked kiosk systems carry their own vulnerabilities. A perpetrator may tap into the line and eavesdrop on or modify legitimate messages. A perpetrator may insert messages of their own, or even sever the line altogether. Fending off these attacks will become even more challenging when kiosks move to wireless technology."

and

"8.2.6 Remote Access
Host computers often have lines to permit remote access over the Internet or the telephone system. If the front end on such a line can be subverted -- or if a front end does not even exist -- then remote lines provide a way for perpetrators from anywhere in the world to obtain insider access, and carry out attacks from Section 8.2.5. These attacks are possible even for kiosks that are not networked -- if the computers on which the kiosk software was developed permitted remote access.

We caution the deployer of a kiosk system to examine this issue carefully. Our experience in vulnerability analysis has too often revealed the existence of dial-in lines -- for off-hours emergency repair -- that even the institution's security officers did not know about."

As seen, FTP software is not talked about in the referenced material. FTP is not a standard part of all networks – indeed, Microsoft's NETBUI software does not include FTP as defined in RFC 959. Further, including FTP software in a kiosk system is not easy since doing so creates a potential security opening.Thus, FTP as defined in RFC would not be used in a Kiosk system. Rather, a specialized secure FTP would need to be defined, and it is not obvious.

Netshift does not implement RFC 959 in their kiosk software. Rather, they implement a custom FTP for altering the appearance of button control, as was explained in my expert report.

As argued above, defendants also have not articulated the standard by which its conclusions of "obviousness" have been made and therefore there is no supportable conclusion to rebut.

Thus defendant has not established prior art and has not established obviousness for Claim 7 of '071.

### Claim 10 of the '071 Patent

**The self-service computer of claim 1, further comprising a security control software executable on said microprocessor, said security control software being programmed to limit documents accessible to said browser software by limiting uniform resource locators (URLs) accessible to said browser software.**

The Defendants claim that "Commercial URL filtering software was widely available at the time of the patent filing and cite in particular the Net Nanny Software (NNSII) product. I looked at the Net Nanny web site and found the following limitations at
http://www.netnanny.com/home/net_nanny_4/limitations.asp

"Windows XP contains a feature called Fast User Switching which must be disabled in order to use Net Nanny 4. This feature must be disabled before you install Net Nanny to prevent errors. We have created a special setup guide for installing Net Nanny 4 on Windows XP. Click here for step-by-step instructions."

and

"You can use hot keys (ctrl+a to select all content on a screen, for example). Net Nanny 4.1, however, does not support using the tab button to navigate around the screen in the RSACi and SafeSurf settings pages. Other applications that are known to not be monitored by Net Nanny include:..."

Thus, while Net Nanny and others had as an object to achieve what is disclosed in the '071 patent, even today Net Nanny has not engineered a product that could be used safely in a kiosk and guarantee that URLs are limited. Consequently, they could not have demonstrated a system at the time of the '071 filing that is prior art to claim 10.

As argued above, defendants also have not articulated the standard by which its conclusions of "obviousness" have been made and therefore there is no supportable conclusion to rebut.

Thus defendant has not established prior art for Claim 10 of '071.

## Claim 11 of the '071 Patent

**The self-service computer of claim 10, wherein said security control software is further programmed to disable system functions available to the user of the self-service computer.**

Defendant claim "A definition of a kiosk system is a computer system that has system functions disabled from the user...". However, no reference is given. Even if this is so, claim 11 involves combining this feature with other security features such as URL blocking as indicated in claim 10. Since defendant makes no argument about this combined feature, defendant has given no basis against claim 11.

As argued above, defendants also have not articulated the standard by which its conclusions of "obviousness" have been made and therefore there is no supportable conclusion to rebut.

Thus defendant has not established prior art for Claim 11 of '071.

## Claim 12 of the '071 Patent

**The self-service computer of claim 1, wherein the access of said browser software includes the world wide web (WWW).**

Defendant claims "This is not new. All the W3 Conference papers are on how to connect a kiosk to the web...". Defendant's expert witness references are ill-formed -- being (1) a surname "Rakov" and (2) a web site that does not mention "Kiosk". Therefore, claim 12 is not challenged by defendant.

. As argued above, defendants also have not articulated the standard by which its conclusions of "obviousness" have been made and therefore there is no supportable conclusion to rebut.

Thus defendant has not established prior art for Claim 12 of '071.

### Claim 13 of the '071 Patent

**The self-service computer of claim 1, further comprising an attract loop which appears on said display screen when there has been no user input for a predetermined period of time.**

Defendant claims "This is not new. The Columbia project used a Marquis ...". In the discussion in claim 1 above, I have shown why the Columbia project is not show prior art to claim 1. Thus it is not prior art to claim 13.

Thus defendant has not established prior art for Claim 13 of '071.


### Claim 14 of the '071 Patent

**A self-service computer, comprising:**
- **a monitor having a display screen;**
- **a microprocessor coupled to said monitor for controlling what is displayed on said screen;**
- **browser software module executable on said microprocessor for accessing and displaying documents in response to user input; and**
- **security control software module executable on said microprocessor, said security control software module being programmed to disable system functions available to a user of the kiosk system to resist tampering with the kiosk system during operations of the kiosk system.**

Defendant says: "Disabling system functions was well known. See discussion under Claim 11." Under claim 11 above I have argued that defendant's analysis is faulty.

As argued above, defendants also have not articulated the standard by which its conclusions of "obviousness" or "well known" have been made and therefore there is no supportable conclusion to rebut.

Thus defendant has not established prior art for Claim 14 of '071.


### Claim 15 of the '071 Patent

**The self-service kiosk system of claim 14, wherein said security control software module is further programmed to limit documents accessible**

11

**to said browser software module by limiting uniform resource locators (URLs) accessible to said browser software module.**

Defendant says: "Limiting URL's was well known. See discussion of Claim 10." Under claim 10 above I have argued that defendant's expert witness analysis is faulty. Thus defendant has not established prior art for Claim 15.

As argued above, defendants also have not articulated the standard by which its conclusions of "obviousness" or "well known" have been made and therefore there is no supportable conclusion to rebut.

Thus defendant has not established prior art for Claim 15 of '071.


## Claim 17 of the '071 Patent

**A method for providing a self-service computer, comprising the steps of:**
- **providing a monitor with a display screen;**
- **providing browser software for accessing and displaying documents in response to user input, the graphical user interface (GUI) of said browser software comprising controls for said browser software and a document viewing area; and**
- **masking the controls for said browser software with at least one image so that the controls are inaccessible to a user of the self-service computer.**

Defendant says: "This known and obvious for the same reasons as Claim 1." Under claim 1 above I have argued that defendant's expert witness analysis is faulty.

As argued above, defendants also have not articulated the standard by which its conclusions of "obviousness" or "well known" have been made and therefore there is no supportable conclusion to rebut.

Thus defendant has not established prior art and has not established obviousness for Claim 17 of '071.


## Claim 18 of the '071 Patent

**The method of claim 17, wherein said image includes buttons selectable via said screen for initiating browser software commands.**

12