

PATENT
01424-P0010B WWW/TMO

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| Applicant | Jason D. Bernstein, et al. |
|---|---|
| Serial No. 09/088,318 | Filing Date: June 1, 1998 |
| Title of Application | BROWSER KIOSK SYSTEM |
| Group Art Unit 2786 | Examiner Ramesh Patel |

Box Non-Fee Amendment
Assistant Commissioner for Patents
Washington, DC 20231

## Amendment

Dear Sir:

In response to the Office Action of July 12, 1999, Applicant herewith presents its amendment and remarks.

### In the Specification

At page 2, line 15, delete "GUIs" and insert therefore --graphical user interfaces (GUIs)--.

At page 8, line 10, delete "URLs" and insert therefore --uniform resource locators (URLs)--.

Mailing Certificate: I hereby certify that this correspondence is today being deposited with the U.S. Postal Service as *First Class Mail* in an envelope addressed to: Box Non-Fee Amendment, Assistant Commissioner for Patents, Washington, DC 20231.

October 12, 1999

Fidelia K. Rice

DEFENDANT'S
EXHIBIT
"G"

Page 2
Serial No. 09/088,318
October 12, 1999

a1   At page 9, line 13, delete "TCP/IP" and insert therefore --transmission control protocol/internet protocol (TCP/IP)--.

a2   At page 9, line 9, delete the word "NetKey™" and insert therefore --the browser kiosk system software, an example of which was developed by the inventors and is currently available commercially as NetKey™,--.

At page 9, line 16, delete the word "program" and insert therefore --software--.

At page 10, line 4, delete the word "NetKey™" and insert therefore --the NetKey™ software--.

In the Claims

Please amend the claims as follows:

a3   1. (Amended) A self service computer, comprising:

   a monitor;

   a microprocessor coupled to said monitor for controlling what is displayed on said monitor;

   software executable on said microprocessor for generating a document viewing window on said monitor, and for accessing and displaying documents in the viewing

Page 3
Serial No. 09/088,318
October 12, 1999

window in response to user input, <u>said software capable of performing a plurality of</u>

<u>functions</u>; and

at least one image positioned for display on said screen so as to provide

navigational controls for <u>at least one predetermined function of</u> said accessing and

displaying software, but without also permitting tampering with accessing and displaying

software <u>by not providing controls for other predetermined functions</u>.

3. (Amended) The self-service computer of Claim 1, wherein said monitor is a touch

screen and wherein said image includes buttons selectable via said screen for initiating

[browser software commands] <u>accessing and displaying software functions</u>.

10. (Amended) A self-service computer, comprising:

a monitor;

a microprocessor coupled to said monitor for controlling what is displayed on said

monitor;

software executable on said microprocessor for generating a document viewing

window on said monitor, and for accessing and displaying documents in the viewing

window in response to user input, <u>said software capable of performing a plurality of</u>

<u>functions</u>;

at least one image positioned for display on said screen so as to provide

navigational controls for <u>at least one predetermined function of</u> said accessing and

Page 4
Serial No. 09/088,318
October 12, 1999

displaying software, but without also permitting tampering with accessing and displaying software <u>by not providing controls for other predetermined functions</u>; and

a microphone.

14. (Amended) The self-service computer of Claim 10, wherein said monitor is a touch screen and wherein said image includes buttons selectable via said screen for initiating [browser software commands] <u>accessing and displaying software functions</u>.

16. (Amended) A self service computer, comprising:

a monitor;

a microprocessor coupled to said monitor for controlling what is displayed on said monitor;

software executable on said microprocessor for generating a document viewing window on said monitor, and for accessing and displaying documents in the viewing window in response to user input<u>, said software capable of performing a plurality of functions</u>;

at least one image positioned for display on said screen so as to provide navigational controls for <u>at least one predetermined function of</u> said accessing and displaying software, but without also permitting tampering with accessing and displaying software <u>by not providing controls for other predetermined functions</u>; and

a serial input device.

Page 5
Serial No. 09/088,318
October 12, 1999

19. (Amended) The self-service computer of Claim 16, wherein said monitor is a touch screen and wherein said image includes buttons selectable via said screen for initiating [browser software commands] accessing and displaying software functions.

### Remarks

The Examiner has objected to the acronyms GUI, URL and TCP/IP as being undefined. The specification has been amended to define each of the acronyms at their first usage on pages 2, 8 and 9 respectively. The Examiner has also objected to the trademark NetKey™ as not being accompanied by its generic terminology. The specification has been amended to include a definition of the term NetKey™ at page 9, and all uses of NetKey™ thereafter have been amended to include its generic terminology.

Claims 1-10, 13-16 and 18-20 have been rejected under the judicially created doctrine of double patenting over claims 1-2, 7-9 and 13 of U.S. Patent No. 5,761,071. The conflicting patent is commonly owned with this application, and a terminal disclaimer in compliance with 37 C.F.R. 1.321 (b) and (c) will be filed when these claims are allowed over the prior art of record.

The Examiner has rejected all claims under 35 U.S.C. 102(b) as being anticipated by Veeneman.

Page 6
Serial No. 09/088,318
October 12, 1999

The present invention relates to a self-service computer having a monitor, a microprocessor and software for generating a document viewing window and for accessing and displaying documents in the viewing window in response to user input. This is hardware and software that will enable a user, once connected, to view any of a number of available destinations or pages and obtain information and products from any to the extent authorized. The entire system might be for internet browsing, intranet browsing or browsing some other type of information source, such as service manuals or the like. In its simplest form, no restriction is made on the use to obtain access initially.

The convenience of such a system is clear, and many systems are provided having these features. A real and as yet unsolved problem exists, however, in that unrestricted access subjects the system to use by people who, through ignorance or intent, disable or disrupt normal operation by adjustment of the browser controls. The invention departs from anything seen in the art by providing, in the terms of amended claims 1, 10 and 16:

> at least one image positioned for display on said screen so as to provide navigational controls for at least one predetermined function of said accessing and displaying software, but without also permitting tampering with accessing and displaying software by not providing controls for other predetermined functions.

Thus, even though a great advantage is achieved by permitting the computer to serve a large number of people, such as in a kiosk in a busy airport or shopping center, it is protected from disablement. Everybody can use it. Nobody can disable it.

Page 7
Serial No. 09/088,318
October 12, 1999

An added advantage of the invention is that the very best and latest browsing technology, such as Active X controls or Netscape source code, can be obtained from a number of vendors and easily adapted. It is not necessary for the kiosk owner to keep on staff or under contract web browser programming specialists. Easily usable software can be obtained from vendors and adapted to the public computer concept of the invention.

Veeneman, on the other hand, discloses a device, albeit useful in a kiosk, that restricts initial access to a single site for obtaining a single product. It does not use accessing and displaying software in need of protection, and it does not provide such protection. Veeneman discloses an electronic gift certificate dispenser **10** having a monitor **12** with a touch screen **14**, a card reader **16**, a gift certificate dispenser slot **18** and a modem **42** (col. 3, lines 25 - col. 4, line 11). The gift certificate dispenser **10** operates as follows: A user of the gift certificate dispenser **10** utilizes the touch screen **14** to select a participating merchant and the dollar amount of a gift certificate **200** to be dispensed (col. 9, line 13 - col. 10, line 35). The user is then instructed by the gift certificate dispenser **10** to insert a credit or debit card into the card reader **16** (col. 10, lines 36-48). The gift certificate dispenser **10** is connected by the modem **42** to a credit card authorization computer **62**. If the credit or debit card is approved by the authorization computer **62**, the gift certificate **200** is dispensed through the gift certificate dispenser slot **18** (col. 11, lines 40-47).

Page 8
Serial No. 09/088,318
October 12, 1999

The electronic gift certificate dispenser **10** can be part of a network of electronic gift certificate dispensers connected by telecommunications channel **46** to a main computer **60** (col. 5, lines 19-35). For security purposes, the electronic gift certificate dispenser **10** is provided with a door ajar detector **34** to detect unauthorized access to the interior of the dispenser **10** and a balance arm **38** to detect movement of the dispenser **10** (col. 5, lines 3-10; col. 6, lines 4-19). Also, the gift certificate dispenser **10** powers up inoperative and is only made operative when a security code is downloaded from the main computer **60** (col. 5, lines 52-58).

Referring in like manner to the detail of Applicants' invention, there is seen a self-service computer **20** with a display screen **27** and a microprocessor **30** which executes accessing and displaying software. The accessing and displaying software provides a document viewing area for accessing and displaying documents in response to user input. As is recited in claims all amended independent claims, namely claims 1, 10 and 16, at least one image is positioned on the display screen **27** so as to provide navigational controls for at least one predetermined software function. However, tampering with the software is inhibited by not providing controls for other predetermined functions.

Applicants respectfully point out that the Examiner's citations to Veeneman do not provide disclosure that anticipates claims 1-20 since Veeneman does not disclose or

Page 9
Serial No. 09/088,318
October 12, 1999

suggest an image positioned on the display screen which provides navigational control for accessing and displaying software, but without also permitting tampering with the accessing and displaying software. Claims 1-20 are also not rendered obvious by Veeneman. Veeneman does not appear to disclose accessing and displaying software and thus provides no suggestion for display of an image providing navigational controls for such software, much less display of an image which prevents tampering with the software by not providing controls for other predetermined functions of the software, as recited in Applicants' claims. In short, Veeneman does not disclose software having any predetermined functions at all which are not accessible by all users.

For the foregoing reasons, Applicant respectfully submits that all claims, as amended, are patentable over the references of record, and earnestly solicits allowance of the same.

Respectfully submitted,

*[signature]*

Wesley W. Whitmyer, Registration No. 33,558
Todd M. Oberdick, Registration No., 44,268
Attorneys for Applicant
ST.ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, CT 06905-5619
203 324-6155