IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NETKEY, INC., <br> a Delaware Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> NETSHIFT SOFTWARE, LTD., <br> AUTOMOBILE CLUB OF HARTFORD, <br> MONTEGONET, LLC, <br><br> Defendants/Counter-Claimants. | CASE NUMBER: 3:00 CV 1364 (AVC) <br><br><br><br><br><br><br><br> December 13, 2003 |

**DEFENDANTS' UNOBJECTED-TO MOTION FOR LEAVE TO
FILE A RESPONSE TO THE '848 PORTION OF PLAINTIFF'S
REPLY IN SUPPORT OF ITS *MARKMAN* BRIEF**

___

Defendant, Netshift Software Ltd., Automobile Club of Hartford, and MontegoNet, LLC (hereinafter collectively "Defendants"), by and through their undersigned counsel, hereby move this Honorable Court for an Order granting them leave to submit a sur-reply/response to the '848 portion of Plaintiff Netkey's Reply in Support of *Markman* Brief. As grounds, Defendants state as follows:

1.   Plaintiff Netkey, in its original *Markman* Brief, failed to address any claim construction issues with respect to the Claims of the '848 Patent, the second of the two patents-in-suit. Plaintiff stated in its original *Markman* Brief that it is "not aware of any disputes as to the meaning of other language in the claims of the '071 and '848 Patents." (*See* Netkey's *Markman* Brief, at p.11) However, and as noted in Defendants' *Markman* Brief, the Parties have clearly and repeatedly disagreed over the interpretation of the '848 Claims throughout this litigation. In fact, these issues were framed in detail in Defendants' *Memorandum Brief in Support of Their Rule 56(c) Motion for Summary Judgment* (*see* pp. 27-34 and, especially, pp. 31-33 re: claim construction), and in Plaintiff Netkey's *Response in Opposition* thereto (pp. 31-33). In addition, Defendants' technical expert, Timothy Daw, raised the issue in his Expert Report; and Plaintiff's expert, Dr. Sayward, responded on the issue in his Expert Rebuttal Report.

2. In general, Defendants' grounds for requesting leave to file a sur-reply/response to that portion of Plaintiff Netkey's *Reply in Support of its Markman Brief* devoted to the '848 Patent are spelled out in Defendants' *Markman* Brief, at pages 15-17 and, particularly, at fn.1. In said footnote, Defendants stated as follows:

> The ongoing dispute between the parties as to construction of the '848 Patent's claims has been readily manifest throughout this litigation, so much so that the omission by Plaintiff Netkey in its *Markman* Brief of any discussion of this issue is surely not attributable to mere oversight. For whatever reason, Netkey appears to have voluntarily abandoned its opportunity to offer its interpretation of the claims of the '848. Defendants, however, anticipate that Netkey, in its Reply to this *Markman* Brief, may belatedly attempt to rebut Defendants' position expressed herein as to construction of the '848 claims. If this occurs, Defendants will have unfairly been deprived of the opportunity to respond to Netkey's position on '848 claim construction, and will move the Court, in that event, to either strike that portion of Netkey's Reply, or in the alternative, for leave to file a sur reply to the extent necessary to address Netkey's anticipated untimely arguments.

3. Clearly, Defendants predicted the happening of the very problem that gives rise to this instant *Motion for Leave*. That is, Plaintiff waited until its *Reply Brief* to comment on construction of the claims of the '848 Patent, a matter the Court ordered it to do in its original *Markman* Brief. In so doing, Defendants have been deprived, unfairly, of the opportunity to comment on Plaintiff's '848 arguments. Leave of this Court is necessary to permit Defendants a fair chance to address the '848 aspects of Plaintiff Netkey's *Reply Brief*.

4. In particular, Plaintiff Netkey's *Reply Brief* adds argument not found in its original *Markman* Brief. The argument is capsulized generally on p.8 of the *Reply*, beginning with, "Further, it is well known..." and continuing to the end of that paragraph. More particularly, the terminology "sets of instructions" is not found in Plaintiff's original *Markman* Brief. (This argument and terminology may be found in some form in Plaintiff's summary judgment filings, but as Defendants pointed out in their *Markman* Brief, Plaintiff Netkey has been all over the map on this issue and, at any rate, Defendants should not be required to guess at Plaintiff's argument and then to refute their own guess.) *See*, *e.g.*, Plaintiff's definition of "software executable" at page 13 of their *Markman* Brief, and compare that to their new definition in the first full paragraph on page 11 of their *Reply*.

5. Undersigned counsel for Defendants has conferred with Plaintiff's counsel, Gene S. Winter, about the subject matter of this motion. Mr. Winter responded that he would not be filing an opposition.

**WHEREFORE**, for the foregoing reasons, Defendants respectfully request an Order from this Court granting them leave to file a sur-reply/response to the '848 aspect of Plaintiff Netkey's *Reply in Support of its Markman Brief*.

**DATED**: December 13, 2003.

                Respectfully submitted,

                **COOKSEY & COOKSEY, P.A.**

By_____
    Michael G. Cooksey, Esq.
    (Ct 21024)
    1700 Broadway, Suite 1700
    Denver, Colorado 80290
    (303) 860-0101
    ATTORNEYS FOR THE DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 13, 2003, a true and correct copy of the foregoing **DEFENDANTS' UNOBJECTED-TO MOTION FOR LEAVE TO FILE A RESPONSE TO THE '848 PORTION OF PLAINTIFF'S REPLY IN SUPPORT OF *MARKMAN* BRIEF** was placed in the U.S. Mail, postage prepaid and addressed to:

Clerk of the U.S. District Court        (by Federal Express, Tracking No. 844395804945)
 District of Connecticut
450 Main Street
Hartford, CT  06103

Gene S. Winter, Esq.
ST. ONGE, STEWARD, JOHNSTON & REENS, LLC
986 Bedford Street
Stamford, Connecticut 06905-5619

Matthew J. Becker, Esq.
DAY, BERRY & HOWARD, LLP
City Place I
Hartford, CT 06103-3499

_____