IN THE UNITED STATES DISTRICT COURT **FILED**
FOR THE DISTRICT OF CONNECTICUT

2003 DEC 31  A II: 1

CASE NUMBER: 3:00 CV 1364 (AVC)
U.S. DISTRICT COURT
HARTFORD, CT.

NETKEY, INC.,                                    )
  a Delaware Corporation,                  )
                            )
      Plaintiff,                          )
                            )
vs.                                              )
                            )
NETSHIFT SOFTWARE, LTD.,                          )
AUTOMOBILE CLUB OF HARTFORD,                      )
MONTEGONET, LLC,                                 )
                            )
      Defendants/Counter-Claimants.       )        December 30, 2003
                            )

## DEFENDANTS' MOTION FOR CONTINUANCE OF TRIAL AND REQUEST FOR PRE-TRIAL CONFERENCE

Defendants, Netshift Software Ltd., Automobile Club of Hartford, and MontegoNet, LLC (hereinafter collectively "Defendants"), by and through their undersigned counsel, hereby move this Honorable Court for an Order continuing the trial in this matter. As grounds, Defendants state as follows:

1.    As the Court is aware, this case has been placed on the January 15, 2004 "Jury Selection Calendar". See the Court's Notice, attached hereto as Exhibit "A".

2.    As the Court's notice, Exhibit A, is silent on the issue, Defendants can only assume that trial will immediately follow the selection of the jury on January 15, 2004. Indeed, in a telephonic conference today, the Courtroom Clerk was unable to state when the exact date for the beginning of trial would be, but indicated that it could commence as soon as immediately following jury selection on January 15, 2004.

3.    There has not been a Pre-Trial Conference in this case. The length of the trial has not been established. In fact, there has been no warning (until Exhibit A was received) that trial would be this imminent. Moreover, Defendants' undersigned counsel did not receive the Court's trial notice (Exhibit A) until his return yesterday, December 29, 2003, from Christmas holiday vacation. With trial now set to begin in mid-January, 2004, undersigned counsel has less than three (3) weeks to prepare for trial, in a case

that has now been pending before the Court for nearly 3-1/2 years.

4.    Virtually all of Defendants' will-call trial witnesses are from outside the state of Connecticut. Undersigned counsel has not even been able to contact most of these individuals, as they, too, are on leave in recognition of the Christmas/New Year Holidays. Further, as the Court is aware, the lead Defendant, NetShift Software, Ltd., is a British company. As of the writing of this motion, undersigned counsel has been unable to reach any key senior management personnel at NetShift to advise that the case has (apparently) been placed on the Court's trial docket.

5.    In response to his receipt of Exhibit A, Plaintiff's counsel, Gene Winter, has requested, as part of his preparation for the trial, that Defendant NetShift provide its up-to-date (i.e., year end 2003) financial/sales information, and provide the latest NetShift computer source code. The gathering of this information, even with meaningful advance warning, is a significant undertaking. This is not the type of information that can be generated and produced at the snap of a finger. Under the circumstances of this case, given the complete lack of any meaningful notice before the onset of trial, generation and production of this information borders on the impossible. Jeremy Brett, NetShift's Chief Financial Officer, who is charged with the duty of preparing NetShift's financial and sales records, is, as of this writing, away on vacation, and cannot be reached. Likewise, NetShift's production of its latest computer source code requires the presence of key NetShift personnel, Tim Daw and Andy Pinkard. Both of these individuals are also away on Holiday leave, and have not been reachable.

6.    It is patently obvious that if trial is not continued to a later date, Defendants will be severely prejudiced. It must be remembered that this is a patent infringement case. Preparation for trial of such a case is not a simple matter, even under optimal circumstances where there is sufficient advance notice of the trial date. Moreover, under the circumstances herein, the lack of any meaningful notice from the Court prior to the onset of trial presents a logistical nightmare for the Defendants, who are

2

now faced with the virtually impossible task of contacting and attempting to resolve calendar conflicts for all of their crucial trial witnesses, at least six of whom are from overseas and/or from outside the state of Connecticut.  For example, Dr. George Hripcsak, M.D., a professor in the Columbia University School of Medicine, who is an essential witness to Defendants' masking defense, which attacks the validity of the '071 Patent-in-suit, has not been reachable during this, the Holiday season, as Columbia University is on Christmas and New Year holiday break.

7.    The (apparent) setting of this case on the Court's trial docket, during the midst of the Christmas/New Year Holiday season, is manifestly unfair to Defendants.  There is simply insufficient time for the Defendants to react to what the Court (apparently) has ordered.

8.    Defendants hereby request that a ruling be entered on construction of the claims of the Patents-in-suit prior to the beginning of trial. The parties' respective *Markman* claim construction positions have been fully briefed and await the Court's ruling. Claim construction will be largely determinative of the primary issues of the case, namely infringement and validity of the '071 and '848 Patents. Therefore, a ruling on claim construction prior to trial would greatly enhance the possibility of settlement of the case, and the avoidance of a waste of the Court's valuable time. In this regard, a meaningful time gap between the claim construction ruling and the beginning of trial would also serve to maximize the possibility of settlement.  The Court may even wish to re-entertain the parties' previously-filed summary judgment motions, after its ruling on claim construction.  This would significantly pare the case down for trial, if not totally resolving it.

9.    Defendants suggest, and hereby request, that this matter be placed on a trial docket in March or April, 2004.  The 2 to 3 month difference would allow the parties to sufficiently prepare, and would give them a fair opportunity to place their witnesses on meaningful notice and to coordinate schedules.  The additional time, if granted by the Court, is minimal given that this case has been pending before the Court for nearly

3

3-1/2 years, and would also provide the Court the time necessary to issue its *Markman* claim construction ruling, which, in turn, would enhance the chance that this case could be settled.

10.    For reasons discussed herein-above, Defendants request the setting of a Pre-Trial Conference before this matter is ever set for trial.

11.    Undersigned counsel for Defendants has conferred with with Plaintiff's counsel, Gene S. Winter, about the subject matter of this motion. Mr. Winter stated that he would oppose this motion.


**WHEREFORE**, for the foregoing reasons, Defendants respectfully request an Order from this Court continuing the January 15, 2004 trial to a date certain, preferably re-setting the trial to commence in March or April, 2004. Defendants further request the setting of a Pre-Trial Conference.


**DATED**:December 30, 2003.


Respectfully submitted,


**COOKSEY & COOKSEY, P.A.**

By_____
Michael G. Cooksey, Esq.
(Ct 21024)
1700 Broadway, Suite 1700
Denver, Colorado 80290
(303) 860-0101
ATTORNEYS FOR THE DEFENDANTS


4

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on December 30, 2003, a true and correct copy of the foregoing **DEFENDANTS' MOTION FOR CONTINUANCE OF TRIAL AND REQUEST FOR PRE-TRIAL CONFERENCE** was placed in the U.S. Mail, postage prepaid and addressed to:

Clerk of the U.S. District Court     (by Federal Express, Tracking No. 842179420729)
 District of Connecticut
450 Main Street
Hartford, CT 06103

Gene S. Winter, Esq.     (also by facsimile on December 30, 2003)
ST. ONGE, STEWARD, JOHNSTON & REENS, LLC
986 Bedford Street
Stamford, Connecticut 06905-5619

Matthew J. Becker, Esq.
DAY, BERRY & HOWARD, LLP
City Place I
Hartford, CT 06103-3499