IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2004 JAN -8 A II: 0

U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| NETKEY, INC., a Delaware Corporation,  Plaintiff,  vs.  NETSHIFT SOFTWARE, LTD., AUTOMOBILE CLUB OF HARTFORD, MONTEGONET, LLC,  Defendants/Counter-Claimants. | CASE NUMBER: 3:00 CV 1364 (AVC)  January 7, 2004 |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR CONTINUANCE OF TRIAL**

Defendants, Netshift Software Ltd., Automobile Club of Hartford, and MontegoNet, LLC (hereinafter collectively "Defendants"), by and through their undersigned counsel, hereby submit the following reply in support of their *Motion to Continue Trial*:

1. Contrary to Plaintiff's Opposition to the *Motion to Continue Trial*, Defendants have no desire to delay the trial of this case any more than is absolutely necessary. Defendants have merely requested that the trial be conducted in March or April, 2004, a mere two to three months from now. This "delay" is minimal, considering the obvious problems with the Court's notice, and especially when considering that this case has been pending for well over three years.

2. In any event, the issue is not trial readiness, but the specific notice provided by the Court (effectively two weeks given the holidays), creating extreme logistical problems for Defendants in the coordination of their out-of-state and overseas witnesses. This is particularly problematic given the fact that Defendants' lead counsel is from Colorado.

3. The Court's trial notice was provided over the holidays when Defendants and their

counsel were unavailable, and unable to contact witnesses.

4. Moreover, and as a practical matter, trial preparation is made considerably more complicated by the lack of a *Markman* ruling because, under the case's present posture, the parties will we need to prepare witnesses to provide testimony for all possible claim constructions. This will increase the length of trial as well because both sides will have to elicit testimony on why there is or is not infringement under several possible claims constructions.

5. Noticeably absent from Plaintiff's Opposition to the *Motion to Continue Trial* is any discussion of how the currently unresolved nature of the parties' respective *Markman* claims construction briefs affects the readiness of this case for trial. Plaintiff also has not dealt with how a *Markman* ruling would dramatically impact the prospects for settlement. In fact, until there is a *Markman* ruling, the case will not be ready for trial, or settlement. As Plaintiff is well aware, the *Markman* briefing process was only recently completed. The Court, last Fall, ordered the parties to file *Markman* briefs and, in doing so, effectively amended its previously-entered Scheduling Order.

6. Plaintiff proposes that this case proceed to trial in the absence of a *Markman* ruling, effectively urging the Court to shirk its obligation to construe the claims of the Patents-in-suit. This is not only contrary to the mandates of Federal Circuit case law, but invites the jury to speculate on the correct meaning of the various claims. Plaintiff's proposal, if acceded to, would do nothing but build reversible error into the trial.

7. Although Plaintiff, in its Opposition, feigns readiness for trial, its counsel, Mr. Winter, despite being repeatedly pressed for his order of witnesses and the ending date and time of his case-in-chief, failed until today to respond. In his letter of today, attached hereto as Exhibit "A", Mr. Winter offers no clue as to the length of his case-in-chief, stating only that his presentation would take "several days." How, with no more feedback than this, can Defendants reasonably be expected to coordinate and schedule their witnesses, virtually all of whom are from outside of Connecticut, and two of

2

whom are from overseas, and all of whom are engaged in professions that do not allow them to simply pick up and leave on a few hours (or even days) notice?

8. The only workable solution to this problem is to set this case for trial on a date certain (after the *Markman* ruling has been made), establish a set number of days for the trial, and order Plaintiff to complete his case-in-chief by a certain date and time. Without this structure, Defendants will be placed in the predicament in which they currently find themselves, of being entirely unable to coordinate the scheduling and presentation of their witnesses.

9. Under the circumstances, manifest justice and fairness requires that trial be continued to a later date (i.e., in March or April) that makes sense under the facts and logistical circumstances of this case.

**WHEREFORE**, for the foregoing reasons, and for reasons set forth in Defendants' *Motion to Continue Trial*, Defendants respectfully request an Order from this Court continuing the January 15, 2004 trial to a date certain, preferably re-setting the trial to commence in March or April, 2004.

DATED: January 7, 2004.

                              Respectfully submitted,

                              **COOKSEY & COOKSEY, P.A.**

                         By _/s/ Michael G. Cooksey_
                              Michael G. Cooksey, Esq.
                              (Ct 21024)
                              1700 Broadway, Suite 1700
                              Denver, Colorado 80290
                              (303) 860-0101
                              ATTORNEYS FOR THE DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 7, 2004, a true and correct copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR CONTINUANCE OF TRIAL** was placed in the U.S. Mail, postage prepaid and addressed to:

Clerk of the U.S. District Court    (by Federal Express, Tracking No. 842179420718)
District of Connecticut
450 Main Street
Hartford, CT 06103

Gene S. Winter, Esq.    (also by facsimile on January 7, 2004)
ST. ONGE, STEWARD, JOHNSTON & REENS, LLC
986 Bedford Street
Stamford, Connecticut 06905-5619

Matthew J. Becker, Esq.
DAY, BERRY & HOWARD, LLP
City Place I
Hartford, CT 06103-3499

_____



# St. Onge Steward Johnston & Reens LLC

986 Bedford Street
Stamford Connecticut 06905-5619
(203) 324 6155 &
(203) 327 1096 ()
ssjr.com

January 7, 2004

VIA E-MAIL and FACSIMILE
mgc5151@aol.com   (303) 860-0102

Michael G. Cooksey, Esq.
Cooksey & Cooksey, P.A.
1700 Broadway, Suite 1700
Denver, CO 80290

Re: SSJR File 03265-L0007A
Civil Action No. 3:00CV1364 (AVC)
Netkey, Inc. v. NetShift Software, et al.

Dear Michael:

You have requested information concerning plaintiff's case in your recent correspondence. Most of that information is included in the Pretrial Order, including the lists of witnesses and their testimony and the amount of time each witness is expected to take. You asked for the order of witnesses, and at this time, we do not know the exact date on which the trial will start, and will have to fit the witnesses in when they are available. We also estimate that plaintiff's case will take several days, but we cannot estimate the length of your cross-examination, so a precise estimate cannot be made.

In an ideal setting, we would expect to start with witnesses in this order: Mr. Richardson, Dr. Sayward, Tim Daw, Nigel Seed, Dr. Shapiro, and William Goucher. At this point, if the case goes well, we may not call other witnesses. However, if we do call other witnesses, the list would be as follows: Paul Blodgett, Jason Bernstein, Joseph McGuire, Andy Pinkard and Thomas Smith.

We would appreciate receiving similar information from you.

In addition, we would like to know when we can expect to receive the updates of sales information for both NetShift and Montegonet as well as source code and information concerning the current version of the NetShift software. We understand your client is now back from vacation and can furnish you with that information. If we do not hear from you promptly on this, we intend to raise the issue with the judge at jury selection.

DEFENDANT'S
EXHIBIT
"A"

Michael G. Cooksey, Esq.
January 7, 2004
Page 2

As you are under a clear obligation to update discovery information, we are certain the judge will not be happy if motions are necessary to have NetShift update this information.

We look forward to working with you next week, and I am glad the case is nearing an end.

Very truly yours,

Gene S. Winter
gsw@ssjr.com

GSW/ps
c: V. Miller Newton (Via email, vmnewton@netkey.com)