IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

NETKEY, INC.                                    )
                                                )
Plaintiff                                       )
                                                )  Civil Action No. 00 CV 1364(AVC)
v.                                              )
                                                )
NETSHIFT SOFTWARE, LTD. and                     )
AUTOMOBILE CLUB OF HARTFORD                      )
and MONTEGONET LLC,                             )
                                                )
Defendants/Counter-Claimants.                   )

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DEFENDANTS' UPDATED FINANCIAL INFORMATION  AND SOFTWARE

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Rule 37 of the Local Rules for the United States District Court for the District of Connecticut, Plaintiff moves to compel production of Defendants' updated financial information and software which they are required to provide under Federal Rule of Civil Procedure 26(e), Supplementation of Disclosures and Responses.   Plaintiff has in good faith conferred with Defendant's counsel in an effort to secure the supplementation of the disclosure without Court action. *See* Declaration of Gene S. Winter dated January 20, 2004 being submitted herewith ("Winter Decl.") ¶9.

I.      **Information Requiring Supplementation**

Specifically, Plaintiff requests supplementation of sales invoices and sales summary from Defendant NetShift to update the information regarding sales of their product which they previously produced. *See* Plaintiff's Trial Exhibit Nos. 1-3. Plaintiff requests sales invoices and sales summary from Defendant Montegonet for sales of their product in order to update the information they previously produced. *See* Plaintiff Trial Exhibit Nos. 38-50, 53-54, and 84.

Also, Plaintiff requests supplementation of Defendant NetShift's software, in its latest version 6.0 and its manual. In addition, NetShift must provide the source code for version 6.0, and the software NetShift used to compile the source code, or alternatively, the source of the software used to compile the source code so that Plaintiff may obtain a copy. NetShift has previously produced this information. *See* Plaintiff Trial Exhibit Nos. 10-15, 18-20, 25-26, 79-81, and 101-102.

II.     **Plaintiff Requested Updates to Information Previously Provided**

On December 23, 2003, Plaintiff requested that Defendants provide updated financial information and the latest software version, including source code, within the following two weeks, by January 5, 2003. *See* Winter Decl Exh. A. Defendants' counsel responded that the deadline was "entirely unworkable," yet did not state by when the information could be provided. *See* Winter Decl. Exh. B. Plaintiff then inquired as to whether Defendants could comply within an

additional three days. *See* Winter Decl. Exh. C. Plaintiff's counsel responded

that the "information you have requested takes significant time to gather," yet

would not specify when it would be sent. *See* Winter Decl. Exh. D. On January

7, 2004, Defendants again asked when to expect the updated information. *See*

to Winter Decl. Exh. E. Plaintiff's counsel was again uncooperative and refused

to offer a date. *See* Winter Decl. Exh. F.


**III.    Information is Necessary as Plaintiff Prepares for Upcoming Trial**

        The information requested consists of updates to sales information for the

software which is the subject of the present action and the latest version of such

software and its source code. *See* Winter Decl. ¶¶1, 5. The sales information is

needed from both Defendants NetShift and Montegonet, in order for Plaintiff's

damages expert to update the damages analysis. *See* Winter Decl. ¶¶1-2. The

latest version of the software and software code is necessary for confirming that

version 6.0 functions substantially the same as version 5.5, which was analyzed

by Dr. Sayward, Plainitff's technical expert. *See* Winter Decl. ¶6.


**IV.  The Requested Information is Easily Accessible to Defendants**

        Despite the assertions otherwise of Defendants' counsel, the information

requested is easily accessible to Defendants as they have in the past provided it

promptly and without difficulty.   Specifically, sales information from Montegonet

has been produced within thirty minutes during the deposition of Mr. Smith, the

President of Defendant Montegonet. *See* Winter Decl. ¶3.   As to the software,

the latest version is readily available, for instance at Netshift's website where it may be immediately downloaded.  It could just as easily be supplied to Defendants.  Further, the source code to this software could be retrieved from Netshift's computer files within hours.  *See* Winter Decl.  ¶5.

Defendants were capable of providing the requested information by now, weeks after it was initially requested.  Defendants' counsel is being uncooperative, and as such Defendants have not attempted to begin to gather the information in a timely fashion.  Montegonet President, Mr. Smith, has not even been contacted by Defendants counsel in regard to the need for updated financial information.  *See* Winter Decl. ¶3.  It would seem that Defendants' counsel has not made a good faith effort to notify Defendants so that they may fulfill their discovery requirements.  Rather, counsel is being purposefully uncooperative in an attempt to cause further delay and postponement of trial.

## V.    Conclusion

To date, counsel for Defendants has not submitted the requested information, and Defendants' counsel has refused to state when they would.  There is no legitimate reason provided why the information has not been yet provided nor why Defendants' counsel is unable to supply a date by which Plaintiff can expect submission of the information.  As such, Plaintiff is left to file this Motion to Compel the needed information.

Netkey requests the Court compel Defendants to promptly produce the requested information.

Respectfully submitted,

20 JAN 04
_____
Date

_____
Gene S. Winter, ct05137
Helen M. Limoncelli, ct24332
St. Onge Steward Johnston & Reens LLC
986 Bedford Street
Stamford, Connecticut  06905-5619
Telephone: (203) 324-6155

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing **PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DEFENDANTS' UPDATED FINANCIAL INFORMATION AND SOFTWARE** is being served this _26_ day of January, 2004 via facsimile and first class mail, postage prepaid to:

Michael G. Cooksey, Esq.
Cooksey & Cooksey, P.A.
1700 Broadway, Suite 1700
Denver, Colorado  80290
Facsimile: (303) 860-0102

And by first class mail only to:

Karen A. Moreno
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut  06103-3499

Matthew J. Becker
Catherine Dugan O'Connor, Esq.
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT  06901

1/20/04

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

NETKEY, INC.                          )
                                      )
Plaintiff                             )
                                      ) Civil Action No. 00 CV 1364(AVC)
v.                                    )
                                      )
NETSHIFT SOFTWARE, LTD. and           )
AUTOMOBILE CLUB OF HARTFORD           )
and MONTEGONET LLC,                   )
                                      )
Defendants/Counter-Claimants.         )

## DECLARATION OF GENE S. WINTER
## REGARDING PRODUCTION OF DOCUMENTS

I, Gene S. Winter, declare as follows:

1.      NetShift has requested that Defendants NetShift and Montegonet update

discovery production in this case in order to ready the case for trial.  Particularly, we

have asked for an update to sales information for the software which is the subject of

the lawsuit.  Sales information has been produced up through the expert reports, which

were filed in 2002, and simply requires the Defendants to state the number and value of

the software sold since the last production.  This information is necessary for both

Defendants NetShift and Montegonet.

2.      This sales information is necessary so that our damages expert, Dr.

Shapiro, can update the damages requested.

3.    With respect to Defendant Montegonet, I personally took the deposition of the president of Montegonet, and we needed similar information during that time. Mr. Smith, the president of Montegonet, was able to prepare the sales information from a computer within about 30 minutes. This information is readily available on the computers of NetShift and could be easily now produced, if Defendants wished to cooperate.

4.    The president of our client, a Mr. Miller Newton, spoke with Mr. Smith on January 8, and Mr. Smith did not ever know this case was proceeding to trial and was not contacted by counsel for Defendants with regard to updating the financial information. Thus, Defendants have made no good faith effort to update the information from Montegonet.

5.    In addition, we have requested modifications to the NetShift product which have occurred in the past year. The information, which has been previously provided, is simply the software and the source code. NetShift sells the software on a regular basis, and is available instantly, and should be produced within days of our request. The source code is an active document in their computer files, and can be readied for submission in a few hours.

6.    The software is necessary so that our technical expert, Dr. Sayward, can determine if it functions substantially the same as version 5.5, which he has previously analyzed.

7.    Attached as Exhibits A-F are copies of correspondence relating to this issue. Updates were requested on December 23, 2003, and weeks later we have a letter dated January 7 from Defendants counsel, Mr. Cooksey, stating that the

information cannot be available January 15.

8.     The information is of the type previously produced in this case and readily available to Defendants NetShift and Montegonet.

9.     I have conferred with Defendants counsel in an effort in good faith to resolve by agreement the issues raised by this Motion without the intervention of the Court, but have been unable to reach such agreement.  See attached correspondence at Exhibits A-F.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and recollection.

Executed January 20, 2004 at Stamford, Connecticut.

Gene S. Winter

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing DECLARATION OF GENE S. WINTER REGARDING PRODUCTION OF DOCUMENTS is being served this _20_ day of January, 2004 via facsimile and first class mail, postage prepaid to:

Michael G. Cooksey, Esq.
Cooksey & Cooksey, P.A.
1700 Broadway, Suite 1700
Denver, Colorado  80290
Facsimile: (303) 860-0102

And by first class mail only to:

Karen A. Moreno
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut  06103-3499

Matthew J. Becker
Catherine Dugan O'Connor, Esq.
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT  06901

1/20/04

Exhibit A

**Evensen, Lisa A.**

| | |
|---|---|
| **From:** | Evensen, Lisa A. |
| **Sent:** | Tuesday, December 23, 2003 12:26 PM |
| **To:** | 'mgc5151@aol.com' |
| **Cc:** | 'vmnewton@netkey.com' |
| **Subject:** | Netkey, Inc. v. NetShift Software, et al. |

December 23, 2003

VIA E-MAIL and FACSIMILE
mgc5151@aol.com   (303) 781-6007

Michael G. Cooksey, Esq.
Cooksey & Cooksey, P.A.
1700 Broadway, Suite 1700
Denver, CO  80290

Re:    SSJR File 03265-L0007A
       Civil Action No. 3:00CV1364 (AVC)
       Netkey, Inc. v. NetShift Software, et al.

Dear Mike:

In light of the Court setting a date for Jury Selection, Netkey requests an update to NetShift's financial information and the software code for the revised version of NetShift's software since our last expert reports.

Please advise us by Monday, December 29th whether NetShift will be providing this information to us.  Further, we require that the information be received by Monday, January 5th.  We will move the Court for an order compelling production of this information if either of these deadlines are missed.

We look forward to hearing from you.

                    Very truly yours,


                    Gene S. Winter
                    gsw@ssjr.com


GSW/HML/lae

C:   V. Miller Newton, President
     Netkey (via e-mail @ vmnewton@netkey.com)


1/13/2004

**Evensen, Lisa A.**

| | |
|---|---|
| **From:** | postmaster@ssjr.com |
| **Sent:** | Tuesday, December 23, 2003 12:27 PM |
| **To:** | Evensen, Lisa A. |
| **Subject:** | Delivery Status Notification (Relay) |



ATT157817.txt



Netkey, Inc. v.
NetShift Softw...

This is an automatically generated Delivery Status Notification.

Your message has been successfully relayed to the following recipients, but the requested
delivery status notifications may not be generated by the destination.

        mgc5151@aol.com

1

Exhibit B

## Evensen, Lisa A.

| | |
|---|---|
| **From:** | Mgc5151@aol.com |
| **Sent:** | Monday, December 29, 2003 2:11 PM |
| **To:** | Evensen, Lisa A. |
| **Subject:** | Re: Netkey, Inc. v. NetShift Software, et al. |

Gene:

I returned from Christmas vacation today to learn that this case had been placed on a trial docket by Judge Covello, with trial beginning January 15th. Needless to say, I'm somewhat shocked, in light of the fact that there has not yet been a Markman ruling/hearing, nor have we even had a pre-trial conference. How many days have been allotted for trial? I have numerous time conflicts which must be resolved, and as soon as I can contact NetShift peolple, I am sure they will request a re-scheduling of the trial date. Given that I have numerous out-of-town peolple, i.e., Messrs. Daw, Hripcsak, Rawn, Rakov, Heyliger, etcetera, who are defense must-call trial witnesses, there is simply no way, logistically, that I will be able, given this total lack of meaningful notice, to have them all available to testify. Please advise of your position on a motion to re-schedule the trial. I must hear from you by close of business, tomorrow, or I will indicate in the motion that I was unable to confer with you in time before filing the motion.

Just so you know, your "deadline" of January 5, 2004 for production of year-end financial records and latest source code is entirely unworkable. Go ahead and file your motion with Judge Covello. All critical NetShift personnel are on Christmas holiday, and there is no way your January 5th demand can be met.

Call me with questions.

Michael G. Cooksey
Cooksey & Cooksey, P.A.
1700 Broadway, Suite 1700
Denver, Colorado 80121-1702
(303) 860-0101

Exhibit C



### St. Onge Steward Johnston & Reens LLC

986 Bedford Street
Stamford Connecticut 06905-5619
(203) 324 6155
(203) 327 1096
ssjr.com

December 29, 2003

VIA E-MAIL and FACSIMILE
mgc5151@aol.com   (303) 781-6007

Michael G. Cooksey, Esq.
Cooksey & Cooksey, P.A.
1700 Broadway, Suite 1700
Denver, CO  80290

Re:   SSJR File 03265-L0007A
      Civil Action No. 3:00CV1364 (AVC)
      <u>Netkey, Inc. v. NetShift Software, et al.</u>

Dear Mike:

We received your email today regarding the January 15, 2004 date which has been set by the Court and your proposed motion to re-schedule the trial.  Please be advised that we will object to any extension.

In regard to updates to Netshift's financial information and software code, please advise whether you can make these items available by January 8, 2004.

Again we ask that you send correspondence by facsimile, and do not communicate by email.  I am currently away and do not check my email at all times.  My assistant does watch the fax machine and can hand paperwork to other lawyers in the firm working on this case.  Thus, in the future, please fax us the letter, and if you want, you can also send a copy by email.

Very truly yours,

/s/

Gene S. Winter
gsw@ssjr.com

GSW:HML:lae
C:   V. Miller Newton, President
     Netkey (via e-mail @ vmnewton@netkey.com)

Exhibit D

# COOKSEY & COOKSEY, P.A.

Michael G. Cooksey*‡
James P. Cooksey**
\* Also admitted in Florida and California
‡ Florida Bar Board Certified Civil Trial Lawyer
** Also admitted in Florida

## ATTORNEYS AT LAW
1700 Broadway, Suite 1700
Denver, Colorado 80290
Telephone (303) 860-0101
Facsimile (303) 860-0102

Florida Office
2601 Broadway, Suite 3
Riviera Beach, Florida 33404
Telephone (561) 842-4908
Facsimile (561) 863-4677

December 30, 2003

Gene S. Winter, Esq.
ST. ONGE, STEWARD, JOHNSTON & REENS, LLC
986 Bedford Street
Stamford, Connecticut 06905-5619

RE:  *NetKey v. Netshift and Auto Club of Hartford*
    U.S. District Court, District of Connecticut

Dear Gene:

This will respond to your email of yesterday. I contacted you by email because I was not in my office, and did not have access to a fax machine. Please, in the future, instruct your staff to fax to me at my new office fax number, as noted in the above letterhead. They are still sending faxes to my former office.

In any event, I cannot promise to have NetShift's updated financial information and latest source code to you by January 8th. How do you expect me to do so when I cannot even get ahold of the key NetShift personnel? As you may or may not know, it is common for senior management staff of businesses in European countries to be unavailable the last two weeks of the year in honor of the Christmas and New Year holidays. Since you won't agree to a re-scheduling of the trial date, you must live with the consequences, as must I. You cannot just snap your fingers and expect NetShift, with no meaningful notice, to meet your entirely unrealistic demands. The information you have requested takes significant time to gather. You will have to file your motion, as you have threatened.

I hereby demand your order of witnesses, the length of time each of them will be on the stand, and the date and time on which you will complete your case-in-chief. I need this information immediately, as I must now scramble to contact my witnesses, most of whom are not from Connecticut, and attempt to schedule their testimony. Most of them are on holiday break as well, thus, my ability to reach them is significantly hampered.

Sincerely,

COOKSEY & COOKSEY, P.A.

Michael G. Cooksey

MGC/ds
cc: Doug Vincent, Esq.
    Mr. Tim Daw (via fax)

Exhibit E



St. Onge Steward Johnston & Reens LLC

986 Bedford Street
Stamford Connecticut 06905-5619
(203) 324 6155
(203) 327 1096
ssjr.com

January 7, 2004

VIA E-MAIL and FACSIMILE
mgc5151@aol.com   (303) 860-0102

Michael G. Cooksey, Esq.
Cooksey & Cooksey, P.A.
1700 Broadway, Suite 1700
Denver, CO  80290

Re:    SSJR File 03265-L0007A
        Civil Action No. 3:00CV1364 (AVC)
        Netkey, Inc. v. NetShift Software, et al.

Dear Michael:

You have requested information concerning plaintiff's case in your recent
correspondence.  Most of that information is included in the Pretrial Order,
including the lists of witnesses and their testimony and the amount of time each
witness is expected to take.  You asked for the order of witnesses, and at this time,
we do not know the exact date on which the trial will start, and will have to fit the
witnesses in when they are available.  We also estimate that plaintiff's case will
take several days, but we cannot estimate the length of your cross-examination, so
a precise estimate cannot be made.

In an ideal setting, we would expect to start with witnesses in this order:  Mr.
Richardson, Dr. Sayward, Tim Daw, Nigel Seed, Dr. Shapiro, and William Goucher.
At this point, if the case goes well, we may not call other witnesses.  However, if
we do call other witnesses, the list would be as follows:  Paul Blodgett, Jason
Bernstein, Joseph McGuire, Andy Pinkard and Thomas Smith.

We would appreciate receiving similar information from you.

In addition, we would like to know when we can expect to receive the updates of
sales information for both NetShift and Montegonet as well as source code and
information concerning the current version of the NetShift software.  We
understand your client is now back from vacation and can furnish you with that
information.  If we do not hear from you promptly on this, we intend to raise the
issue with the judge at jury selection.

Michael G. Cooksey, Esq.
January 7, 2004
Page 2

As you are under a clear obligation to update discovery information, we are certain the judge will not be happy if motions are necessary to have NetShift update this information.

We look forward to working with you next week, and I am glad the case is nearing an end.

Very truly yours,

Gene S. Winter
gsw@ssjr.com

GSW/ps
c:  V. Miller Newton (Via email, vmnewton@netkey.com)

Exhibit F

# COOKSEY & COOKSEY, P.A.

Michael G. Cooksey*‡
James P. Cooksey**

* Also admitted in Florida and California
‡ Florida Bar Board Certified Civil Trial Lawyer
** Also admitted in Florida

## ATTORNEYS AT LAW
1700 Broadway, Suite 1700
Denver, Colorado 80290
Telephone (303) 860-0101
Facsimile (303) 860-0102

<u>Florida Office</u>
2601 Broadway, Suite 3
Riviera Beach, Florida 33404
Telephone (561) 842-4908
Facsimile (561) 863-4677

January 7, 2004

Gene S. Winter, Esq.
ST. ONGE, STEWARD, JOHNSTON & REENS, LLC
986 Bedford Street
Stamford, Connecticut 06905-5619

RE:    *NetKey v. Netshift and Auto Club of Hartford*
       U.S. District Court, District of Connecticut

Dear Gene:

I have your letter dated January 7, 2004. You ask for things such as updated financials and sales information, and computer source code, as if could be produced at your whim and fancy. As you are well aware, the information you have requested is very time-consuming to generate and produce. Therefore, your demands in this regard are as unreasonable as is your position on continuance of the trial date. You will not be provided this information until it is prepared, which has not yet occurred, and will certainly not occur by January 15th. So, again, go ahead and file your motion and/or take up the issue with Judge Covello on January 15th.

Regarding your inability to provide me the length of your case-in-chief, and the date and time on which you will conclude it, it was predictable that you would be unable to do so. If you do not yet have this basic information, your case is obviously not as ready for trial as you would have Judge Covello believe. In any event, your inability to provide this essential information to me makes it impossible for me to schedule virtually all of my witnesses.

Your gamesmanship notwithstanding, the case is clearly not ready to be tried.

Sincerely,

COOKSEY & COOKSEY, P.A.

Michael G. Cooksey

MGC/ds
cc: Doug Vincent, Esq.
    Mr. Tim Daw