IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NETKEY, INC., a Delaware Corporation, | ) ) ) | CASE NUMBER: 3:00 CV 1364 (AVC) |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| NETSHIFT SOFTWARE, LTD., AUTOMOBILE CLUB OF HARTFORD, MONTEGONET, LLC, | ) ) ) ) ) | |
| Defendants/Counter-Claimants. | ) ) | February 12, 2004 |

## DEFENDANTS' RESPONSE IN OPPOSITION TO
## *PLAINTIFF'S MOTION TO EXTEND TRIAL DATE*

Defendants, Netshift Software Ltd., Automobile Club of Hartford, and MontegoNet, LLC (hereinafter collectively "Defendants"), by and through their undersigned counsel, hereby respond in opposition to *Plaintiff's Motion to Extend Trial Date* (certificate of service date: February 11, 2004), as follows:

1. As the Court's file will reflect, Plaintiff Netkey has repeatedly and unfairly accused Defendants and their undersigned counsel of doing everything in their power to stall and delay the trial of this case. This is evident in Plaintiff's recent, i.e., January 6, 2004 "*Opposition to Defendants' Motion for Continuance of Trial and Request for Pre-Trial Conference*", wherein Plaintiff states, *inter alia*, that Defendants' December 30, 2003 *Motion for Continuance*[1] is "**... part of their continual attempt to delay and further postpone trial.**" (Emphasis added) See also, even more recently, Plaintiff's *Motion to Compel* (certificate of service date: January 20, 2004)

---

[1] Defendants' *Motion for Continuance* was granted by the Court on January 12, 2004 because, among other reasons, the Court had not yet as of that time issued its *Markman* ruling on claim construction.

wherein, at p.4, Plaintiff asserts: "(Defendants') counsel is being purposefully uncooperative *in an attempt to cause further delay and postponement of trial.*" (Emphasis added)

2. Plaintiff Netkey's pleadings in this case are replete with similar statements, too numerous to itemize in this response. With these comments in mind, the irony of Plaintiff's counsel's request for a trial continuance, for no other reason than to accommodate his vacation schedule, is almost too obvious to merit mention. More troubling than this, however, is the fact that several holes exist in Plaintiff's counsel's statements offered in support of his motion for continuance.

3. First, if indeed non-exchangeable vacation plans were made last December, why would Plaintiff's counsel's motion not have been filed **one month ago**, i.e. on January 12, 2004, immediately after this Court, on said date, granted Defendants' *Motion to Continue*, and re-set jury selection for March 11, 2004? It is anyone's guess as to why Plaintiff's counsel waited one month following the Court's January 12th ruling to advise that he had a conflict with the newly-scheduled trial and his vacation calendar. The more plausible explanation is that Plaintiff's *Motion to Extend Trial Date* is in close and direct proximity to the Court's recent *Markman* ruling on claim construction, and that said ruling has caused disarray in Plaintiff's ability ton prepare for trial.

4. Second, if Plaintiff's counsel had, in fact, secured non-exchangeable travel tickets in late December, 2003, then why did he not so apprise the Court of this fact in his January 6, 2004 "*Response in Opposition to Plaintiff's Motion for Trial Continuance*", which had been served on Plaintiff on December 30, 2003? Plaintiff's counsel, of course, has no good answer for this, and it would have been incredibly cavalier for him to have made unchangeable travel plans, knowing, as he did on December 29, 2003, that Defendants would be moving for a continuance of

the January 15, 2004 jury selection calendar.

5. Contrary to Plaintiff's insinuations, Defendants are fully prepared and ready for trial beginning March 11, 2004. Plaintiff's counsel, Gene Winter's, vacation schedule is no good reason for a further delay and continuance of the trial, especially in light of his constant, past, cries that Defendants and their counsel have repeatedly sought to delay this case.

6. If the Court should grant the continuance, Defendants request that the Court take into account the trial schedule of Defendants' lead counsel, who is now scheduled for two trials in Colorado, in unrelated matters: (1) the first set for a one week trial in state district court in Jefferson County, Colorado the week of April 5, 2004; (2) the second, a jury trial set for two weeks in state district court in Weld County, Colorado beginning May 10, 2004. For this reason, in the alternative, should this Court grant Plaintiff's counsel's request for a continuance of the March 11, 2004 trial date, Defendants respectfully request the Court to not re-set the trial for any sooner than June 1, 2004. Plaintiff has indicated no dis-agreement with a June 2004 setting, should the Court grant its instant motion for trial continuance. See attached hereto as Exhibit "A", Plaintiff's counsel, Gene Winter's email to the undersigned.

7. Exhibit A hereto, Plaintiff's counsel's email response to Defendants' undersigned counsel, reveals the double standard with which Plaintiff's counsel views delays of this matter. In other words, so long as it suits his own interests, Plaintiff's counsel, Mr. Winter, has no problem with a continuance of this matter to accommodate something as frivolous as his haphazardly-arranged vacation schedule. This should be contrasted to Defendants' request for continuance, service date December 30, 2003, based, *inter alia*, on the Court's not having then yet issued a *Markman* ruling on claim construction.

8. It is true that Defendants did condition their consent to Plaintiff's counsel's request

3

for a continuance to accommodate his vacation schedule, on, *inter alia*, their request to him that his client, Plaintiff Netkey, stipulate to a judgment of non-infringement in Defendants' favor on the '071 Patent. However, as the Court is well aware, in light of its *Markman* ruling regarding masking and the '071 Patent, this requested stipulation is highly appropriate and recognizes the frivolity of Plaintiff's continued pursuit of its '071 infringement claims. Defendants were doing nothing more that trying to streamline this case for trial and to attempting to rid this matter of issues that are no longer reasonably in dispute. Moreover, it is troubling that Plaintiff would share with the Court, as Exhibit "A" to its *Motion to Extend Trial Date*, Defendants' email setting forth settlement negotiations, in utter violation of Rule 408, Federal Rules of Evidence.

9. For all the abundant pontificating in its pleadings about delay attributable to Defendants, it is Plaintiff and its counsel who is now attempting to delay the case for no better reason than Plaintiff's counsel's vacation schedule. The Court should view this request with suspicion.

WHEREFORE, for the foregoing reasons, Defendants respectfully request an Order from this Honorable Court denying Plaintiff's *Motion to Extend Trial Date*. Alternatively, should the Court grant said motion, Defendants respectfully request a trial date no sooner than June 1, 2004, to accommodate defense counsel, Michael Cooksey's, trial schedule in two other matters.

DATED: February 12, 2004.

Respectfully submitted,

COOKSEY & COOKSEY, P.A.

By  *[signature]*
Michael G. Cooksey, Esq.
(Ct 21024)
1700 Broadway, Suite 1700
Denver, Colorado 80290
(303) 860-0101
ATTORNEYS FOR THE DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 12, 2004, a true and correct copy of the foregoing **DEFENDANTS' RESPONSE IN OPPOSITION TO *PLAINTIFF'S MOTION TO EXTEND TRIAL DATE*** was placed in the U.S. Mail, postage prepaid and addressed to:

Clerk of the U.S. District Court         (by Federal Express, Tracking No. 842179420692)
 District of Connecticut
450 Main Street
Hartford, CT 06103

Gene S. Winter, Esq.                     (also by facsimile on February 12, 2004)
ST. ONGE, STEWARD, JOHNSTON & REENS, LLC
986 Bedford Street
Stamford, Connecticut 06905-5619

Matthew J. Becker, Esq.
DAY, BERRY & HOWARD, LLP
City Place I
Hartford, CT 06103-3499

*[signature]*

5

| | |
|---|---|
| Subj: | **Netkey v Netshift** |
| Date: | 2/10/2004 4:48:38 PM Mountain Standard Time |
| From: | gsw@ssjr.com |
| To: | Mgc5151@aol.com |
| CC: | hml@ssjr.com, PDS@ssjr.com, cac@ssjr.com |

In response to your letter of today, Helen is a junior associate who has never argued a motion in court and has certainly never tried a case. Helen is not a partner(member). We will be moving to reconsider the Court's Markman ruling as we believe that it contains errors of law, and will consider your proposal after the Court's ruling is final. The ruling does not deal with the remaining claims of the '071 patent which Netshift admitts are infringed, and clearly prejudices Netshift's chances on the second patent, which is admittedly infringed.

We are agreeable to requesting a trial date for the June jury selection date, which is usually mid month. Please get back to us tomorrow, so we can inform the Court.

Gene S. Winter
St. Onge Steward Johnston & Reens LLC
986 Bedford Street
Stamford, CT  06905
203-324-6155 tel
203-327-1096 fax
gsw@ssjr.com



DEFENDANT'S EXHIBIT "A"