IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NETKEY, INC. | ) |
| | ) |
| Plaintiff | ) |
| | ) Civil Action No. 00 CV 1364(AVC) |
| v. | ) |
| | ) |
| NETSHIFT SOFTWARE, LTD. and | ) |
| AUTOMOBILE CLUB OF HARTFORD | ) |
| and MONTEGONET LLC, | ) |
| | ) |
| Defendants/Counter-Claimants. | ) |

## MOTION TO EXTEND TRIAL DATE

Plaintiff's undersigned counsel requests that this Court delay trial until June, 2004. Attached hereto is a Declaration of Plaintiff's lead counsel, Gene S. Winter, attesting to the reason for the several month delay of trial.

Defendants have not agreed to the requested extension, and rather sought a substantive stipulation in favor of their position in exchange for their agreement. Therefore, this motion is necessary.

The extension is requested for the reasons set forth in the attached Declaration.

1.   Lead counsel, the undersigned Gene S. Winter, is the only counsel familiar with the case and able to try the case. The undersigned has been lead counsel for the entire case. On December 22, 2003, the undersigned received notice of a trial date for January 15, 2004. Knowing that the trial and post-trial motions would be concluded in a month, the undersigned scheduled a vacation

for March 3, 2004 with his family and another family from Boston outside of the United States.

2. The undersigned has obtained non-refundable air fare for my wife, my son and myself for flights to the British Virgin Islands on March 3, 2004 returning March 17, 2004. These flight arrangements were made after the trial date of January 15, 2004 was scheduled at a time when I knew that the trial would be over prior to the vacation. Defendants moved this Court for an extension of time to extend the trial date (Docket No. 131), and the Court granted this extension of the trial date of March 11, 2004 (Docket 135).

3. The undersigned has placed a non-refundable deposit on a vacation house, and a family of four from Boston has made non-refundable air reservations to join our family in the British Virgin Islands.

4. I have done everything possible to move this case along to trial in the last several months, and have tried to schedule my personal vacation so that it did not conflict with the Court's schedule.

5. The undersigned has contacted Defendants' counsel, who would only agree to the requested extension if Plaintiff, in return, agreed to a substantive stipulation in favor of Defendants' position. *See* attached as Exhibit A, February 11, 2004 electronic mail from Michael G. Cooksey to Gene S. Winter.

6. Defendants' counsel has indicated that if such an extension was agreed upon, trial should be set no sooner than June 1st because of other conflicts on his calendar in April and May. *Id.*

2

It is respectfully requested that this Court set a trial date for the next time slot for a jury selection in June or shortly thereafter, as convenient for the Court.

Respectfully submitted,

_12 Feb 04_
Date

/s/ Gene S. Winter

Gene S. Winter, ct05137
Helen M. Limoncelli, ct24332
St. Onge Steward Johnston & Reens LLC
986 Bedford Street
Stamford, Connecticut 06905-5619
Telephone: (203) 324-6155

Attorneys for Plaintiff

Exhibit A

## Winter, Gene S.

**From:** Mgc5151@aol.com
**Sent:** Wednesday, February 11, 2004 8:04 AM
**To:** Winter, Gene S.
**Subject:** Re: Netkey v Netshift

Gene:

After consulting with my clients, the Defendants, here is my response to your request that Defendants consent to your motion for a trial continuance:

We (Defendants) will agree to your request for a continuance, on the following grounds:

1. That Netkey stipulates now that if it does not prevail on a Motion to Reconsider Judge Covello's Markman ruling, a judgment of non-infringement will immediately enter in Defendants' favor and against Netkey on the entire '071 patent (see my comments below), per the terms set forth in my letter to you of last week, i.e., with Netkey reserving the right to appeal the Markman ruling to the Federal Circuit Court of Appeals, and Defendants dismissing without prejudice their invalidity defenses;

2. Trial not be set any sooner than June 1st, because of my other calendar conflicts with trials in 2 other Colorado cases in April and May.

In response to your email to me of last evening, you stand corrected, as Defendants have **never** stipulated to infringement of either patent-in-suit. Defendants have admitted only that we disable system functions on the '071, and that we do what the '848 Claims recite. But, as you well know, "infringement" requires a valid patent -- i.e., doing what the claims of an invalid patent call for is of no consequence, and is certainly not "infringement." You cannot seriously contend that you stand a prayer of a chance on the '071 disabling system function claims, as all kiosks, from DAY ONE, have disabled system functions.

As to your statement in your email of last evening about "clearly prejudices Netshift's chances on the second patent, which is admittedly infringed," I think it is the Markman ruling that you contend "clearly prejudices" Defendants' chances. What in the world has that got to do with my letter to you about noninfringement of the '071??? Please clarify.

Without my consent to your Motion to Continue, I do not think you stand much of a chance of having it granted. You waited one month from the time the Judge, on January 12, re-set the trial to March 11th, before moving for a continuance. You also knew last December 29th that Defendants would be requesting a continuance of the January 15th initial trial setting. Why in the world, under these circumstances, would you make unchangeable vacation plans, knowing that, in all likelihood, Defendants' Motion to Continue would be granted? In my opinion, that was a very cavalier thing for you to have done, one that Judge Covello may very likely not buy into.

In any event, if you and your client are so convinced that Judge Covello made legal errors in his Markman ruling, why don't you just stipulate to non-infringement on the '071, and take your arguments up to the Federal Circuit? I am sure you are aware that Judge Covello, in his "Chambers Practices" publication, indicates that he virtually never grantes motions to re-consider rulings he has made. You and your client should therefore very strongly consider the grounds upon which I (Defendants) will consent to your motion. I think under the circumstances that my offer is a very fair one.

Sincerely,
Mike Cooksey

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing MOTION TO EXTEND TRIAL DATE is being served this ___11___ day of February, 2004 via facsimile and first class mail, postage prepaid to:

Michael G. Cooksey, Esq.
Cooksey & Cooksey, P.A.
1700 Broadway, Suite 1700
Denver, Colorado 80290
Facsimile: (303) 860-0102

And by first class mail only to:

Karen A. Moreno
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499

Matthew J. Becker
Catherine Dugan O'Connor, Esq.
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT 06901

2/11/04

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NETKEY, INC. | ) |
| | ) |
| Plaintiff | ) |
| | ) Civil Action No. 00 CV 1364(AVC) |
| v. | ) |
| | ) |
| NETSHIFT SOFTWARE, LTD. and | ) |
| AUTOMOBILE CLUB OF HARTFORD | ) |
| and MONTEGONET LLC, | ) |
| | ) |
| Defendants/Counter-Claimants. | ) |

## DECLARATION OF GENE S. WINTER IN SUPPORT
## FOR EXTENSION OF TRIAL DATE

I, Gene S. Winter, declare as follows:

1. I have been lead counsel for Plaintiff for the past four years, and I am the only person at our law firm prepared to try this case.

2. Jury selection is currently scheduled for March 11, 2004.

3. The jury selection and trial was originally scheduled for January 15, 2004. We received the notice of this January 15, 2004 trial date on or about December 22, 2003. At that point in time, I knew trial was imminent for January and that proceedings would be concluded by mid-February. Subsequent to receiving the notice, I made vacation arrangements for the first part of March 2004, including March 11, 2004.

4.  More specifically, I made non-refundable air travel arrangements to the British Virgin Islands for myself, my wife and my 15-year-old son. We are scheduled to meet a family from Boston with their two children, and this family has also made non-refundable flight arrangements. I also put a non-refundable deposit down on a house in the British Virgin Islands for the dates of March 3-March 17, 2004.

5.  Thereafter, the Court rescheduled the trial date to March 11, 2004. This date conflicts with vacation plans made in reliance on the originally scheduled trial date. Accordingly, I am requesting a brief extension of the trial date.

6.  I have spoken to my client and the President of Netkey, and they are agreeable to the requested extension of time.

7.  If it is acceptable to the Court, Plaintiff suggests a jury selection at the next available time slot in June 2004, or thereafter, as may be convenient with the Court's schedule.

8.  I have contacted Mr. Cooksey, who did not agree to the requested extension. Defendants' counsel has indicated that if such an extension were to be granted, trial should be set no sooner than June 1st because of other conflicts on his calendar in April and May.

9.  This case has been pending for almost four years, and it is believed that I have done everything possible to make myself available for trial, and that a delay of a few months will not prejudice the parties or the Court.

2

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and recollection.

Executed February 12, 2004 at Stamford, Connecticut.

*[signature]*
Gene S. Winter

3

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing DECLARATION OF GENE S. WINTER IN SUPPORT FOR EXTENSION OF TRIAL DATE is being served this _____ day of February, 2004 via facsimile and first class mail, postage prepaid to:

Michael G. Cooksey, Esq.
Cooksey & Cooksey, P.A.
1700 Broadway, Suite 1700
Denver, Colorado 80290
Facsimile: (303) 860-0102

And by first class mail only to:

Karen A. Moreno
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499

Matthew J. Becker
Catherine Dugan O'Connor, Esq.
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT 06901

2/11/04

4