- 14 -

What is claimed is:

1. A self-service computer, comprising:

a monitor having a display screen;

a microprocessor coupled to said monitor for controlling what is displayed on said screen;

5      browser software executable on said microprocessor for accessing and displaying documents in response to user input, the graphical user interface (GUI) of said browser software comprising controls for said browser software and a document viewing area; and

at least one image positioned for display on said screen so as to mask
10    the controls for said browser software, said image thus rendering the controls inaccessible to a user of the self-service computer to resist tampering with said browser software.

2. The self-service computer of Claim 1, wherein said image includes buttons selectable via said screen for initiating browser software commands.

3. The self-service computer of Claim 1, wherein said GUI includes a status area, and further comprising a second image which covers said status area of said GUI of said browser software.

4. The self-service computer of Claim 3, wherein said GUI includes a scroll bar, and further comprising a third image wherein said images cover all but the document viewing area of said GUI of said browser software.

5. The self-service computer of Claim 1, wherein said browser software is developed by and available from third parties.

6. The self-service computer of Claim 1, further comprising GUI control software executable on said microprocessor to generate said image.

- 15 -

7.  The self-service computer of Claim 6, further comprising file transfer protocol (FTP) server software executable on said microprocessor for remotely updating said GUI control software and/or said browser software.

8.  The self-service computer of Claim 6, further comprising a first daemon running on said microprocessor which shuts down said GUI control software and/or said browser software when a SUSPEND file is copied to a specified directory on the self-service computer.

9.  The self-service computer of Claim 8, further comprising a second daemon running on said microprocessor which starts said GUI control software and/or said browser software when a RESTART file is copied to a specified directory on the self-service computer.

10. The self-service computer of Claim 1, further comprising a security control software executable on said microprocessor, said security control software being programmed to limit documents accessible to said browser software by limiting uniform resource locators (URLs) accessible to said browser software.

11. The self-service computer of Claim 10, wherein said security control software is further programmed to disable system functions available to the user of the self-service computer.

12. The self-service computer of Claim 1, wherein the access of said browser software includes the world wide web (WWW).

13. The self-service computer of Claim 1, further comprising an attract loop which appears on said display screen when there has been no user input for a predetermined period of time.

- 16 -

Sub H2

14. A self-service kiosk system, comprising:

a monitor having a display screen;

a microprocessor coupled to said monitor for controlling what is displayed on said screen;

5   browser software module executable on said microprocessor for accessing and displaying documents in response to user input; and

security control software module executable on said microprocessor, said security control software module being programmed to disable system functions available to a user of the kiosk system to resist tampering with
10  operation of the kiosk system.

15. The self-service kiosk system of Claim 14, wherein said security control software module is further programmed to limit documents accessible to said browser software module by limiting uniform resource locators (URLs) accessible to said browser software module.

Sub H3

16. A self-service computer, which comprises:

a monitor having a display screen;

a keyboard and a mouse;

a microprocessor electrically coupled to said monitor for controlling what
5   is displayed on said screen;

software including browser application programming interface (API) calls executable on said microprocessor for accessing and displaying documents in response to user input, the graphical user interface (GUI) of said software displaying only the document viewing area; and

10  security control software executable on said microprocessor, said security control software being programmed to disable system functions available to a user of the self-service computer to resist tampering with operation of the self-service computer.

- 17 -

17.   A method for providing a self-service computer, comprising the steps of:

       providing a monitor with a display screen;

       providing browser software for accessing and displaying documents in response to user input, the graphical user interface (GUI) of said browser software comprising controls for said browser software and a document viewing area; and

       masking the controls for said browser software with at least one image so that the controls are inaccessible to a user of the self-service computer.

18.   The method of Claim 17, wherein said image includes buttons selectable via said screen for initiating browser software commands.

19.   The method of Claim 17, further comprising the step of masking said GUI of said browser software so that only the document viewing area is not covered.

20.   The method of Claim 17, further comprising the step of limiting documents accessible to said browser software by limiting uniform resource locators (URLs) accessible to said browser software.

21.   The method of Claim 17, further comprising the step of updating said browser software remotely.

22.   A method for providing a self-service kiosk system, comprising the steps of:

       providing a monitor with a display screen;

       providing browser software for accessing and displaying documents in response to user input; and

       disabling system functions available to a user of the kiosk system to resist tampering with operation of the kiosk system.

18

**PATENT**
1424-P0010A

# BROWSER KIOSK SYSTEM

08/706988

### Abstract of the Disclosure

5   A self-service kiosk system is provided which includes a monitor having a display screen, a microprocessor electrically coupled to the monitor for controlling the display screen, a browser software executable on the microprocessor for accessing and displaying documents in response to user input, the graphical user interface (GUI) of the browser software including controls for the browser software and a document viewing area, and at least one image positioned for display on the screen so as to mask the controls for the

10   browser software, the image thus rendering the controls inaccessible to a user of the kiosk system to resist tampering with the browser software. The self-service kiosk system may also include a security control software which is programmed to disable system functions available to the user of the kiosk system to resist tampering with operation of the kiosk system.

H:\library\01424\appl\P0010A

#5/A

PATENT
01424-P0010A GSW/WWW

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE


JUL 3 1 1997

| Applicants: | Jason D. Bernstein, et al. |
|---|---|
| Serial No.: 08/706,988 | Filing Date: July 27, 1996 |
| Title of Application: | BROWSER KIOSK SYSTEM |
| Group Art Unit: 2306 | Examiner: Ramesh Patel |

GROUP 2600  AUG 19 97  RECEIVED

Box Non-Fee Amendment
Assistant Commissioner for Patents
Washington, DC 20231

Dear Sir:

This is in response to the outstanding Office Action dated May 21, 1997.

Please enter this amendment in the above-referenced application.

### AMENDMENT

In the Specification:

Page 1, above the title, insert page number (centered) --1--.

Page 2, above line 1, insert page number (centered) --2--.

Page 3, above line 1, insert page number (centered) --3--.

---

Certificate of Mailing: I hereby certify that this correspondence is today being deposited with the U.S. Postal Service as first class mail in an envelope addressed to: Box Non-Fee Amendment, Assistant Commissioner of Patents, Washington, DC 20231.

July 28, 1997          _Beatrice R. Emerson_
                       Beatrice R. Emerson

A

Page 12, line 7, before "TCP/IP", insert --Transmission Control Protocol/Internet Protocol or--.

Page 18, above the title, insert page number (centered) --18--.

In the Claims

Claim 15, line 1, please delete "13" and insert --14--.

14. A self-service kiosk system, comprising:

a monitor having a display screen;

a microprocessor coupled to said monitor for controlling what is displayed on said screen;

browser software module executable on said microprocessor for accessing and displaying documents in response to user input; and

security control software module executable on said microprocessor, said security control software module being programmed to disable system functions available to a user of the kiosk system to resist tampering with [operation of] the kiosk system <u>during operation of the kiosk system</u>.



16. A self-service computer, which comprises:

a monitor having a display screen;

a keyboard and a mouse;

2

a microprocessor electrically coupled to said monitor for controlling what is displayed on said screen;

software including browser application programming interface (API) calls executable on said microprocessor for accessing and displaying documents in response to user input, the graphical user interface (GUI) of said software displaying only the document viewing area; and

security control software executable on said microprocessor, said security control software being programmed to disable system functions available to a user of the self-service computer to resist tampering with [operation of] the self-service computer <u>during operation of the self-service computer</u>.

22.  A method for providing a self-service kiosk system, comprising the steps of:

providing a monitor with a display screen;

providing browser software for accessing and displaying documents in response to user input; and

disabling system functions available to a user of the kiosk system to resist tampering with [operation of] the kiosk system <u>during operation of the kiosk system</u>.

### REMARKS

Reconsideration of the rejection of Claims 1-22 in view of the above amendments and the following remarks is requested.

3

The specification has been amended on pages 1, 2 and 3 to insert page numbers to the first three pages of the specification. The Abstract of the Disclosure has also been amended on page 18 to insert a page number. On page 12, line 7, the acronym "TCP/IP" has been defined as "Transmission Control Protocol/Internet Protocol".

In paragraph 3(a) of the Office Action, the Examiner objected to the use of the term "NetKey™" in page 12 of the specification. Applicants respectfully submit that NetKey™ is defined in page 8, lines 23-24 of the specification as the trademark for Applicants' commercial product.

All the claims of the application have been rejected as anticipated (35 U.S.C. §102(b)) by U.S. Patent No. 5,243,174 to Veeneman et al. Veeneman discloses an electronic gift certificate dispenser 10 having a monitor 12 with a touch screen 14, a card reader 16, a gift certificate dispenser slot 18 and a modem 42 (col. 3, lines 25 - col. 4, line 11). The gift certificate dispenser 10 operates as follows: A user of the gift certificate dispenser 10 utilizes the touch screen 14 to select a participating merchant and the dollar amount of a gift certificate 200 to be dispensed (col. 9, line 13 - col. 10, line 35). The user is then instructed by the gift certificate dispenser 10 to insert a credit or debit card into the card reader 16 (col. 10, lines 36-48). The gift certificate dispenser 10 is connected by the modem 42 to a credit card authorization computer 62. If the credit or debit card is approved by the authorization computer 62, the gift certificate 200 is dispensed through the gift certificate dispenser slot 18 (col. 11, lines 40-47).

The electronic gift certificate dispenser **10** can be part of a network of electronic gift certificate dispensers connected by telecommunications channel **46** to a main computer **60** (col. 5, lines 19-35). For security purposes, the electronic gift certificate dispenser **10** is provided with a door ajar detector **34** to detect unauthorized access to the interior of the dispenser **10** and a balance arm **38** to detect movement of the dispenser **10** (col. 5, lines 3-10; col. 6, lines 4-19). Also, the gift certificate dispenser **10** powers up inoperative and is only made operative when a security code is downloaded from the main computer **60** (col. 5, lines 52-58).

Applicants' invention is a self-service computer **20** with a display screen **27** and a microprocessor **30** which executes browser software. The browser software provides a document viewing area for accessing and displaying documents in response to user input (p. 8, lines 1-8). As is recited in claims 1-13 and 17-21, at least one image is positioned on the display screen **27** so as to mask the controls for the browser software so that the controls are inaccessible to a user of the self-service computer to resist tampering with the browser software (see **Fig. 4** and the accompanying text in the specification). As recited in claims 14-16 and 22, a security control software executable on the microprocessor **30** is provided to disable system functions, for example pressing Ctrl-Alt-Del keys to restart or crash the system to resist tampering with the operation of the self-service computer **20** (see p. 3, lines 22-26; p. 11, lines 20-24; p. 10, line 26; p. 12, line 2 of the specification for details).

Applicants respectfully disagree with the Examiner's assertion that Veeneman anticipates claims 1-13 and 17-21 since Veeneman does not disclose or suggest an image

5

positioned on the display screen to mask the controls for the browser software. Claims 1-13 and 17-21 are also not rendered obvious by Veeneman. Veeneman does not appear to disclose display of browser software controls and thus provides no suggestion for disabling such controls, much less display of an image to mask browser software controls as recited in Applicants' claims.

Applicants have amended claims 14, 16 and 22 to clarify that their security control software resists tampering with the kiosk during kiosk operation. In contrast, the Veeneman device includes security software which prevents unauthorized operation of and /or shuts down operation of the kiosk. Applicants respectfully disagree with the Examiner's assertion that Veeneman anticipates or renders obvious claims 14-16 and 22 since Veeneman does not disclose or suggest software which resists tampering during operation of the kiosk. The Veeneman device resists tampering only by disabling itself: until a security code is entered at startup; and by receiving a shut down command from a central computer.

Applicants submit that the application is in condition for allowance and earnestly solicits the same.

Respectfully submitted,

7-28-97
Date

/s/ W. Whitmyer Jr.

Gene S. Winter, Registration No. 28,352
Wesley W. Whitmyer, Jr., Registration No. 33,558
Attorneys for Applicants
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, Connecticut 06905-5619
(203) 324-6155

6

NOV-17-1997 10:58    ST ONGE                    2033271096    P.01/05

**OFFICIAL**

FAX RECEIVED
NOV 1 7 1997
GROUP 2600

FAX RECEIVED
NOV 1 7 1997
GROUP 2600

01424-P0010A GSW/

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| Applicants: | Jason D. Bernstein, et al. |
|---|---|
| Serial No.: 08/706,988 | Filing Date: July 27, 1996 |
| Title of Application: | **BROWSER KIOSK SYSTEM** |
| Group Art Unit: 2306 | Examiner: Ramesh Patel |
| | 1-703-305-9724 and 1-703-308-9051 |

Box Non-Fee Amendment
Assistant Commissioner for Patents
Washington, DC 20231

Dear Sir:

Kindly enter the following Request for Reconsideration in response to the Office Action dated October 2, 1997.

### REQUEST FOR RECONSIDERATION

Reconsideration and allowance of Claims 1-22, all of the claims in the application, are requested in view of the following remarks. No claims have been amended or canceled by this paper.

At the outset, applicants' attorney would like to thank Examiner Patel for the courtesy he extended during an interview at the Patent & Trademark Office on October 16, 1997.

---

**Certificate of Facsimile Transmission**: I hereby certify that this correspondence is today being transmitted by facsimile to Examiner Patel at the telephone numbers indicated above.

October 21, 1997          _____
                          Thaddius J. Carvis

NOV-17-1997  11:03          ST ONGE                                    2033271096    P.02/05

The arguments below present in writing the substance of the presentation made to Examiner Patel during the interview. Because applicants' attorney believes that the claims in their current form distinguish in terms or novelty and nonobviousness from the art cited in the rejection, no amendments are believed in order and the following remarks are presented to better illustrate and explain the distinctions as they now exist.

All the claims of the application have been rejected as anticipated (35 U.S.C. §102(b)) by U.S. Patent No. 5,243,174 to Veeneman et al. This rejection is respectfully traversed.

It will be recalled that the present invention relates to a self-service computer having a typical monitor, microprocessor and browser software. This is hardware and software that will enable a user -- once connected to view any of a number of available destinations or pages and obtain information and products from any to the extent authorized. The entire system might be for internet browsing, intranet browsing or browsing some other type of information source, such as service manuals or the like. In its simplest form, no restriction is made on the use to obtain access initially.

The convenience of such a system is clear, and many systems are provided having these features. A real and as yet unsolved problem exists, however, in that unrestricted access subjects the system to use by people who -- through ignorance or intent -- disable or disrupt normal operation by adjustment of the browser controls. The invention departs from anything seen in the art by providing, in the terms of claim 1:

> at least one image positioned for display on said screen so as to mask the controls for said browser, said image thus rendering the controls inaccessible to a user of the self-service computer to resist tampering with said browser software.

Thus, even though a great advantage is achieved by permitting the computer to serve a large number of people, such as in a kiosk in a busy airport or shopping center, it is

2

protected from disablement by a masking device. Everybody can use it. Nobody can disable it.

An added advantage of the invention is that the very best and latest browsing technology can be obtained from a number of vendors and easily adapted. It is not necessary for the kiosk owner to keep on staff or under contract web browser programing specialists. Easily usable software can be obtained off the shelf and adapted to the public computer concept of the invention. And, this can be done without worry that a service technician will have to be on site to assure operation.

Veeneman, on the other hand, discloses a device -- albeit useful in a kiosk -- that restricts initial access to a single site for obtaining a single product. It does not use a conventional browser in need of protection, and it does not provide such protection. Veeneman discloses an electronic gift certificate dispenser 10 having a monitor 12 with a touch screen 14, a card reader 16, a gift certificate dispenser slot 18 and a modem 42 (col. 3, lines 25 - col. 4, line 11). The gift certificate dispenser 10 operates as follows: A user of the gift certificate dispenser 10 utilizes the touch screen 14 to select a participating merchant and the dollar amount of a gift certificate 200 to be dispensed (col. 9, line 13 - col. 10, line 35). The user is then instructed by the gift certificate dispenser 10 to insert a credit or debit card into the card reader 16 (col. 10, lines 36-48). The gift certificate dispenser 10 is connected by the modem 42 to a credit card authorization computer 62. If the credit or debit card is approved by the authorization computer 62, the gift certificate 200 is dispensed through the gift certificate dispenser slot 18 (col. 11, lines 40-47).

The electronic gift certificate dispenser 10 can be part of a network of electronic gift certificate dispensers connected by telecommunications channel 46 to a main computer 60 (col. 5, lines 19-35). For security purposes, the electronic gift certificate dispenser 10 is provided with a door ajar detector 34 to detect unauthorized access to the interior of the dispenser 10 and a balance arm 38 to detect movement of the dispenser 10 (col. 5, lines 3-10; col. 6, lines 4-19). Also, the gift certificate dispenser 10 powers up inoperative and is

3

only made operative when a security code is downloaded from the main computer 60 (col. 5, lines 52-58).

Referring in like manner to the detail of Applicants' invention, there is seen a self-service computer 20 with a display screen 27 and a microprocessor 30 which executes browser software. The browser software provides a document viewing area for accessing and displaying documents in response to user input (p. 8, lines 1-8). As is recited in claims 1-13 and 17-21, at least one image is positioned on the display screen 27 so as to mask the controls for the browser software so that the controls are inaccessible to a user of the self-service computer to resist tampering with the browser software (see Fig. 4 and the accompanying text in the specification). As recited in claims 14-16 and 22, a security control software executable on the microprocessor 30 is provided to disable system functions, for example pressing Ctrl-Alt-Del keys to restart or crash the system to resist tampering with the operation of the self-service computer 20 (see p. 3, lines 22-26; p. 11, lines 20-24; p. 10, line 26; p. 12, line 2 of the specification for details).

Applicants respectfully point out that the Examiner's citations to Veeneman do not provide disclosure that anticipates claims 1-13 and 17-21 since Veeneman does not disclose or suggest an image positioned on the display screen to mask the controls for the browser software. Claims 1-13 and 17-21 are also not rendered obvious by Veeneman. Veeneman does not appear to disclose display of browser software controls and thus provides no suggestion for disabling such controls, much less display of an image to mask browser software controls as recited in Applicants' claims. Applicants also respectfully disagree with the Examiner's assertion that Veeneman anticipates or renders obvious claims 14-16 and 22 since Veeneman does not disclose or suggest software which resists tampering during operation of the kiosk. The Veeneman device resists tampering only by disabling itself until a security code is entered at startup.

Applicants have made a significant advance in the art by providing a type of security control software that is not taught by the art and is resistant to tampering during kiosk operation. In contrast, the Veeneman device includes security software which prevents

4

NOV-17-1997  11:04          ST ONGE                                    2033271096    P.05/05

unauthorized operation of and /or shuts down operation of the kiosk. Applicants submit that the application is in condition for allowance and earnestly solicit the same.

Respectfully submitted,

21 Oct 97
Date

_____
Thaddius J. Carvis, Registration No. 26,110
Gene S. Winter, Registration No. 28,352
Wesley W. Whitmyer, Jr., Registration No. 33,558
Attorneys for Applicants
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, Connecticut 06905-5619
(203) 324-6155

1424-p10Amend2

5

TOTAL P.05

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF '071 PATENT CLAIM CONSTRUCTION ON GROUNDS OF CLEAR ERROR** is being served this 13 day of February, 2004, via facsimile and first class mail, postage prepaid to:

Michael G. Cooksey, Esq.
Cooksey & Cooksey, P.A.
1700 Broadway, Suite 1700
Denver, Colorado 80290
Facsimile: (303) 860-0102

And by first class mail only to:

Karen A. Moreno
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499

Matthew J. Becker
Catherine Dugan O'Connor, Esq.
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT 06901

2/13/04