IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NETKEY, INC., a Delaware Corporation, | ) CASE NUMBER: 3:00 CV 1364 (AVC) )  ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| NETSHIFT SOFTWARE, LTD., AUTOMOBILE CLUB OF HARTFORD, MONTEGONET, LLC, | ) ) ) ) |
| Defendants/Counter-Claimants. | ) February 17, 2004 ) |

### DEFENDANTS' MOTION *IN LIMINE* RE: STATEMENTS IN TRIAL BY PLAINTIFF'S COUNSEL MIS-REPRESENTING THE APPLICABLE BURDEN OF PROOF

Defendants, Netshift Software Ltd., Automobile Club of Hartford, and MontegoNet, LLC (hereinafter collectively "Defendants"), by and through their undersigned counsel, hereby request an Order *in Limine*, barring Plaintiff's counsel, at trial, from mis-representing to the jury the appropriate burden of proof, as relates to: (1) whether, with respect to the '848 Patent, Defendants must overcome the statutory presumption of validity that ordinarily would attach to it as a duly issued United States patent and, if so, whether that burden is by clear and convincing evidence; and (2) whether Defendants, must bear the burden of dis-proving that the filing date of the '848 patent effectively relates back to the filing date of its parent, the '071 Patent. Defendants state as follows:

### BURDEN OF PROOF
### – '848 Claims in '071 –

An issued patent is presumed valid, and the burden of establishing invalidity of a patent rests on the party asserting it. 35 U.S.C. §282. While the statute itself is silent as to the standard of proof, the Federal Circuit has uniformly held that the standard of proof as to invalidity is clear and convincing evidence. ***Buildex, Inc. v. Kason Industries, Inc.***, 849 F.2d 1461, 1463, 7 USPQ2d 1325, 1327 (Fed. Cir. 1988). The presumption, like all legal presumptions, is a procedural device,

not substantive law. It merely places the burden of going forward on the challenger of the patent. *American Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1359, 220 USPQ 763, 770 (Fed. Cir. 1984). However, once the validity challenger has introduced prior art making a *prima facie* case of invalidity, the patentee has the burden of offering evidence to prove a date sufficiently early to defeat the cited prior art. *Mahurkar v. C.R. Bard, Inc.* (Fed. Cir. 1996).

The Federal Circuit has directly held that the presumption of validity, and the concomitant burden of overcoming it, is based on the presumption of administrative correctness, arising out of judicial deference to the Patent Office's ("PTO") expertise in determining validity of patents. *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 605 (Fed. Cir. 1985). Thus, where the Court must consider prior art which was not before the PTO during examination of the patent, the burden of proving invalidity is more easily carried. This is so because "we have no PTO view before us" on the references in question. *EWP Corp. v. Reliance Universal, Inc.*, 755 F.2d 898, 905, 225 USPQ 20, 24 (Fed. Cir. 1985). "When an attacker, in sustaining the burden imposed by §282, produces prior art or other evidence *not* considered in the PTO, there is however *no reason to defer* to the PTO so far as *its* effect on validity is concerned. Indeed, new prior art not before the PTO may so clearly invalidate the patent that the burden is fully sustained merely by proving its existence and applying the proper law...". *American Hoist & Derrick*, 725 F.2d at 1359, 220 USPQ at 770.

In the present case, as the evidence at trial will establish, and as has already been admitted to by Netkey in written discovery answers, Netkey (and Defendant Netshift), more than one (1) year prior to the filing date of the '848,[1] made sales of software identical to the software of the '848 Claims. This software was based on Microsoft "Active X" technology, which was released *after* the filing date of the '071, and well *over* one year prior to the filing date of the '848. These sales were never disclosed to the PTO during the prosecution of the '848 application, and thus the PTO was never provided the opportunity to consider their effect as prior art. These sales would clearly invalidate the '848 Claims under 35 U.S.C.§102(b) and §103, unless Plaintiff Netkey can show that

---

[1] In fact, for this very reason, Netkey has already abandoned in this litigation Claims 2, 13 and 18 of the '848 Patent. *See* Netkey's counsel, Gene Winter's, letter dated March 22, 2001, attached hereto as Exhibit "A".

2

the '848 Claims are entitled to the filing date of the '071 Patent.

There is also no presumption that the '848 Claims are entitled to the benefit of the '071 filing date. Unless there is a finding by the PTO on the issue, there is no presumption that continuation-in-part claims are entitled to the benefit of the filing date of the parent application. *Pennwalt Corporation v. Akzona, Inc.,* 570 F. Supp. 1097, 1102 (D. Delaware, 1983), aff'd, 740 F.2d 1573 (Fed. Cir. 1984); *Advance Transformer Co. v. Levinson,* (N.D. Ill. 1986), aff'd in part, vacated in part, rev'd in part, 837 F.2d 1081 ( Fed. Cir. 1988) (MGC: affirmation not strong – invalidity not addressed). However, unless the PTO is made aware that the filing date of the earlier application is needed, e.g. in the case of an interference or to overcome a prior art reference, the examiner will not make a determination as to whether the C-I-P claims are entitled to the benefit of the earlier filing date of the parent application. *Pennwalt,* 570 F. Supp. at 1102; *Triax v. Trw,* 217 U.S.P.Q. 336 (N.D. Ohio, E.Div. 1982), citing *In re: Shaw,* 202 U.S.P.Q. 285 (Deputy Asst. Comm'r of Patents, 1978); *Ex Parte Erlich,* 3 U.S.P.Q. 2d 1011, 1013 (Pat. Off. Bd. Pat. App. & Int'f 1987).

In the present case, Plaintiff failed to make the examiner aware of the existence of either the Netkey Versions 2.0 and 2.01 prior art, or of the NetShift Version 1.4 prior art. The examiner therefore had no reason to determine whether the Claims of the '848 were entitled to the benefit of the filing date of the '071 and, in fact, did not make any such determination. There is thus no PTO finding to which to defer, and the '848 Claims are therefore entitled only to the filing date of the '848 unless Plaintiff can prove otherwise.

Absent proof of an earlier date by the patentee, the date of invention of a patent claim is presumed to be the filing date of the application for that patent. *Bates v. Coe,* 98 U.S. 31, 34 (1878). In the case at bar, Defendants submit that the evidence will show that the filing date of the '848 Patent its own, and does not relate back to that of its parent, the '071. If the Court deems it necessary, Defendants stand ready to make an offer of proof in this regard, prior to trial, in conjunction with this motion.

Plaintiff Netkey's counsel should not be allowed at trial to mis-represent to the jury the

3

applicable burden of proof, who bears it, the burden of going forward, etcetera. It will be all-important for the jury to be instructed, at the outset of trial, as to the law set forth herein-above.

**WHEREFORE**, Defendants respectfully request this Honorable Court to enter and Order *in Limine*, barring Plaintiff's counsel, during trial, from mis-representing the applicable burdens of proof, and going forward, and which party bears same.

**DATED**: February 17, 2004.

Respectfully submitted,

**COOKSEY & COOKSEY, P.A.**

By: _____
Michael G. Cooksey, Esq.
(Ct 21024)
1700 Broadway, Suite 1700
Denver, Colorado 80290
(303) 860-0101
ATTORNEYS FOR THE DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 17, 2004, a true and correct copy of the foregoing **DEFENDANTS' MOTION *IN LIMINE* RE: STATEMENTS IN TRIAL BY PLAINTIFF'S COUNSEL MIS-REPRESENTING THE APPLICABLE BURDEN OF PROOF** was placed in the U.S. Mail, postage prepaid and addressed to:

Clerk of the U.S. District Court
District of Connecticut
450 Main Street
Hartford, CT 06103

Gene S. Winter, Esq.     (also via facsimile on February 17, 2004)
ST. ONGE, STEWARD, JOHNSTON & REENS, LLC
986 Bedford Street
Stamford, Connecticut 06905-5619

Matthew J. Becker, Esq.
DAY, BERRY & HOWARD, LLP
City Place I
Hartford, CT 06103-3499

_[signature]_

## St. Onge Steward Johnston & Reens LLC

996 Bedford Street
Stamford Connecticut 06905-5619
(203) 324 6155
(203) 327 1096
www.ssjr.com

March 22, 2001



EXHIBIT
"A"

VIA FACSIMILE
303-781-6007

Michael G. Cooksey, Esq.
Cooksey & Cooksey, P.A.
5503 South University Boulevard
Greenwood Village, CO 80121

Re:  SSJR File 3265-L0007A
     NetKey, Inc. v. NetShift and AAA
     Civil Action No. 300CV1364(AVC)

Dear Mike:

Thank you for your letter of March 22.

With respect to the claims of the '848 patent, we are in the process of disclaiming the three claims that refer to Active X.

We do not have a copy of NetShift Version 5.0, the version that was released in December 2000 or January 2001. Could you provide a CD ROM with the program on it? At least claim 1 of the '848 patent is infringed, but we are uncertain of some of the latter claims in the patent until we review your product.

Very truly yours,

Gene S. Winter/ps

Gene S. Winter
gsw@ssjr.com

GSW/ps

New York (212) 730 4554
New Haven (203) 562 0400

TOTAL P.01