IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2004 FEB 23 P 1:54

HARTFORD COURT

| | |
|---|---|
| NETKEY, INC., <br> a Delaware Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> NETSHIFT SOFTWARE, LTD., <br> AUTOMOBILE CLUB OF HARTFORD, <br> MONTEGONET, LLC, <br><br> Defendants/Counter-Claimants. | CASE NUMBER: 3:00 CV 1364 (AVC) <br><br><br><br><br><br><br><br><br><br> February 18, 2004 |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S**
***"MOTION FOR RECONSIDERATION OF '071 PATENT CLAIM***
***CONSTRUCTION ON GROUNDS OF CLEAR ERROR"***

Defendants, Netshift Software Ltd., Automobile Club of Hartford, and MontegoNet, LLC (hereinafter collectively "Defendants"), by and through their undersigned counsel, hereby request this Honorable Court to enter an Order denying Plaintiff's *"Motion for Reconsideration of '071 Patent Claim Construction on Grounds of Clear Error"* (hereinafter the *"Motion for Reconsideration"*). Defendants state as follows:

Plaintiff Netkey's argument in support of its *Motion for Reconsideration* is essentially that, " The Court's conclusion to adopt, as its construction of the '701 (sic: '071) Patent, the plain ordinary meaning of the claim term "to mask" is a clear error when the patentee clearly set out in the specification of the '701 (sic: '071) a definition of the term 'to mask' which is inconsistent with the plain ordinary meaning of the term" (*Motion for Reconsideration*, p.2). This is a curious argument for Plaintiff to raise as grounds for reconsideration, since Plaintiff argued just the opposite in its *Markman Brief*: "The language at issue in paragraph four of claim 1, of the '071 Patent, '... so as to mask the controls for said browser software' should be given its plain, ordinary meaning as would be understood by a person of ordinary skill in the art" (Plaintiff's *Markman* Brief, pp. 8-9).

The glaring flaw in Plaintiff's argument for reconsideration is revealed when Plaintiff argues that, "The Court acknowledges that the patentee has used the claim term 'to mask' in a manner inconsistent with its plain ordinary meaning in its Ruling at pages 9-10: 'There is, arguably, some support for Netkey's position in the patent specification...' " (*Motion for Reconsideration*, p. 4). Clearly the Court's statement that there is "arguably some support" for Netkey's position is scarcely an acknowledgment of anything at all. Plaintiff then cites the following language from the '071 as defining "masking" using the browser editing technique:

> It is understood that the same result may be achieved by coding a browser together with the GUI...It is further understood that in such a product, <u>overlying</u> windows would not need to be used. (Emphasis added by Plaintiff)

(*Motion for Reconsideration*, p. 4).

Certainly the foregoing language cited by Plaintiff from the '071 does not rise to the level required by the Federal Circuit for a patentee to be his own lexicographer: "As we have often stated, a patentee is free to be his own lexicographer...The caveat is that any special definition given to a word must be clearly defined in the specification...". **Markman v. Westview Instruments, Inc.**, 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc). Not only does the cited passage not clearly define a special definition of "masking," there is nothing to indicate that the cited passage is even *attempting* to offer a definition of "masking" at all. The Court addressed this very issue in it *Markman* Ruling, supplying more than adequate reasons in support of its conclusion that, "... nothing in the relied upon specification indicates that the patentee intended to act as his own lexicographer..." (*Markman* Ruling, p. 11). In fact, the Court went on to correctly rule that the claim language requiring an "image" was actually "in contravention of the specification relied on by Netkey" (*Markman* Ruling, p. 11).

The Federal Circuit has clarified the respective roles of the specification and claims, stating that the specification should be used to clarify unclear claim terms, not to "trump the clear meaning of a claim term." **Comark Comms, Inc. v. Harris Corp.**, 156 F.3d 1182, 1187 (Fed. Cir. 1998). The written description is considered to determine if the patentee has acted as his own lexicographer. If not, the ordinary meaning of the claim language controls. **Digital Biometrics, Inc. v. Identix,**

2

*Inc.*, 149 F.3d 1335, 1344 (Fed. Cir. 1998). This Court's reasoning in its *Markman* Ruling is thus in accord with applicable Federal Circuit law.

Finally, Plaintiff argues that the prosecution history "supports" Plaintiff's proposed claim construction, apparently because the prosecution history does not completely disavow the proposed construction (Plaintiff's *Motion for Reconsideration*, pp. 5-6). This is argument is less than flimsy, and requires no further comment.

**WHEREFORE**, Defendants respectfully request this Honorable Court to deny Plaintiff's *Motion for Reconsideration* of the Court's '071 claim construction ruling.

DATED: February 18, 2004.

                                      Respectfully submitted,

                                      **COOKSEY & COOKSEY, P.A.**

By: _/s/ Michael G. Cooksey_

Michael G. Cooksey, Esq.
(Ct 21024)
1700 Broadway, Suite 1700
Denver, Colorado 80290
(303) 860-0101
ATTORNEYS FOR THE DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 18, 2004, a true and correct copy of the foregoing **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S "*MOTION FOR RECONSIDERATION OF '071 PATENT CLAIM CONSTRUCTION ON GROUNDS OF CLEAR ERROR*"** was placed in the U.S. Mail, postage prepaid and addressed to:

Clerk of the U.S. District Court
District of Connecticut
450 Main Street
Hartford, CT 06103

Gene S. Winter, Esq.     (also via facsimile on February 18, 2004)
ST. ONGE, STEWARD, JOHNSTON & REENS, LLC
986 Bedford Street
Stamford, Connecticut 06905-5619

Matthew J. Becker, Esq.
DAY, BERRY & HOWARD, LLP
City Place I
Hartford, CT 06103-3499

_____