IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NETKEY, INC. | ) |
| | ) |
| Plaintiff | ) |
| | ) Civil Action No. 00 CV 1364(AVC) |
| v. | ) |
| | ) |
| NETSHIFT SOFTWARE, LTD. and | ) |
| AUTOMOBILE CLUB OF HARTFORD | ) |
| and MONTEGONET LLC, | ) |
| | ) |
| Defendants/Counter-Claimants. | ) |

**SUBMISSION OF JURY INSTRUCTION CONCERNING ADVICE
OF COUNSEL WHEN CONSIDERING WILLFULL INFRINGEMENT**

Netkey, Inc. ("Netkey") submits its proposed Jury Instruction concerning Advice of Counsel When Considering Willful Infringement to be inserted at page 47 of the Jury Instructions as provided at Exhibit C to the Joint Trial Memorandum filed May 2, 2002 (Doc. 69). Additionally, the proposed jury instruction is provided on floppy disk in WORD and WORDPERFECT format.

I.  **Introduction**

When jury instructions were filed as part of the Joint Trial Memorandum, there was a dispute as to the instruction on willful infringement, specifically, relating to advice of counsel and opinions that were not produced by Defendants. The parties were to then submit alternative instructions. (See Joint Trial Memorandum (Doc. 69), Exhibit C, p. 47) Plaintiff herein submits a proposed instruction and requests it be incorporated into the existing jury instructions so that they may be finalized as a whole.

II.  **Factual Background**

Netkey sent to Defendants NetShift and Montegonet the cease and desist letters of August 31, 1998 which served to put Defendants on notice that their products infringed Netkey's patents. *See* Plaintiff's' Trial Exhibits 117 and 118. Initially, Defendants in this case did not obtain a written attorney opinion in spite of their awareness of their potential infringement. After two years had passed, Defendants finally received an attorney opinion from Mr. Doug Vincent on September 14, 2000, purportedly pertained to the validity of the '071 and '848 patents. *See* Plaintiff's' Trial Exhibit 78. The Defendants refused to disclose this document during discovery, claiming attorney-client privilege. Plaintiff then filed Motions to preclude Defendants from asserting reliance upon "Advice of Counsel" in defense to the charge of willful patent infringement. (Docs. 44 and 51) Defendants responded by electing to abandon their reliance on the advice of counsel as a defense to Plaintiff's claims of willful infringement. (*See* Docs. 50 and 56). Subsequently, Plaintiff's Motions were denied as moot because of Defendants' abandonment of reliance. (*See* December 21, 2003 Order by Judge Covello)

### III.  Legal Standard

Where a potential infringer has actual notice of another's patent rights, he has an affirmative duty to exercise care to determine whether or not he is infringing, which includes the duty to seek and obtain competent legal advice from counsel *before* the initiation of any possible infringing activity.  See *Kloster Speedsteel AB v. Crucible Inc.*, 793 F.2d 1565, 1579 (Fed. Cir. 1986); *Underwater Devices Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380, 1389-90 (Fed. Cir. 1983).  Such legal advice must be timely obtained.  See *National Presto Industries, Inc. v. West Bend Co.*, 76 F.3d 1185, 1193 (Fed. Cir. 1996) (One objective standard whereby the culpable severity of patent infringement has been measured is whether sound legal advice was timely obtained.)  Otherwise, the potential infringer lacks a reasonable basis upon which to rely in its continued infringement.  See *American Medical Systems, Inc. v. Medical Engineering Corp.* 6 F.3d 1523, 1531-2 (Fed. Cir. 1993) (A potential infringer does not have a reasonable good faith belief to justify its continued infringement where the opinion letter was rendered after 20 months of infringement.)

A potential infringer's actual knowledge of the patent and absence of a reasonable basis upon which to rely in its continued infringement due to a lack of a timely attorney opinion, are factors consistent with a finding of willfulness.  *Id.* at 1530-31.  When the potential infringer fails to timely obtain advice of counsel, the infringer has not fulfilled its affirmative duty to exercise care.  *Afros S.p.A. v. Krauss-Maffei Corporation,* 671 F.Supp. 1402, 1439 (D.Del. 1987)  ("Legal advice was sought only upon plaintiff filing suit, a full two years after the [patent in suit] issued.  Seeking counsel after two years of infringing activity, and then only in response to a lawsuit, cannot alone meet the duty of

care.")

When an opinion has been obtained, the Federal Circuit has held that "when an infringer refuses to produce an exculpatory opinion of counsel in response to a charge of willful infringement, an inference may be drawn that either no opinion was obtained or, if an opinion was obtained, it was unfavorable." See *Electro Medical Systems S.A. v. Cooper Life Sciences Inc.*, 34 F.3d 1048, 1056 (Fed. Cir. 1994); *Fromson v. Western Litho Plate and Supply Co*, 853 F.2d 1568, 1572-73 (Fed. Cir. 1988); *Kloster* at 1579.

An instruction as to the adverse inference resulting from am infringer's failure to timely obtain advice of counsel and subsequent produce an opinion letter of counsel must be incorporated into the existing jury instructions in order for a determination to be made in regard to whether or not Defendants have willfully infringed the patents-in-suit as Plaintiff contends.

## IV.   Jury Instruction

(Plaintiff submits the following instruction to be inserted at page 47 of the Jury Instructions as provided at Exhibit C to the Joint Trial Memorandum)

Where a potential infringer has actual notice of another's patent rights, the potential infringer has an affirmative duty to exercise care in determining whether or not there is infringement, which includes a duty to seek and obtain competent legal advice *before* engaging in potentially infringing activities.  In this case, Defendants Netshift and Montegonet did not obtain such legal advice before engaging in infringing activities nor once they received notice from Plaintiff.  After receiving the August 1998 notice of

potential infringement of the patents-in-suit, Defendants continued with their infringing activities for over 2 years without obtaining the advice of counsel. You may use these facts to determine whether, after having actual notice, Defendants failed to exercise due care with regard to obtaining advice of counsel, and to determine whether Defendants failed to timely obtain a written opinion from counsel. You must consider the fact that from August 1998 until September 2000, Defendants had actual notice yet failed to obtain advice of counsel in determining willful infringement of the two patents-in-suit by Defendants Netshift and Montegonet during this time period.

Under the present law, when an infringer refuses to produce an opinion of counsel when charged with willful infringement, you the jury may draw an inference that the opinion obtained was unfavorable and that counsel advised against the conduct in question. After obtaining the attorney opinion dated September 14 2000, Defendants' election not to provide the jury with the attorney opinion is a factor that you must consider when determining whether or not from this point on Defendants NetShift and Montegonet were willful infringers.

The inference that the September 14, 2000 opinion was unfavorable is a factor you must consider when engaging in an analysis of the totality of circumstances in determining willful infringement for the period of time subsequent to September 14, 2003.

Authorities
*Underwater Devices Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380 (Fed. Cir. 1983);
*Fromson v. Western Litho Plate and Supply Co*, 853 F.2d 1568 (Fed. Cir. 1988);
*Electro Medical Systems S.A. v. Cooper Life Sciences Inc.*, 34 F.3d 1048 (Fed. Cir. 1994); *Kloster Speedsteel AB v. Crucible Inc.,* 793 F.2d 1565 (Fed. Cir. 1986).

## V.  Conclusion

Netkey respectfully requests that jury instructions on advice of counsel be incorporated into the existing jury instructions which should be finalized in preparation for trial.

Respectfully submitted,

2 March 04
_____
Date

_____
Gene S. Winter, ct05137
Helen M. Limoncelli, ct24332
St. Onge Steward Johnston & Reens LLC
986 Bedford Street
Stamford, Connecticut  06905-5619
Telephone: (203) 324-6155

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

       This is to certify that a true and correct copy of the foregoing **SUBMISSION OF JURY INSTRUCTION CONCERNING ADVICE OF COUNSEL WHEN CONSIDERING WILLFULL INFRINGEMENT** is being served this __3__ day of March, 2004 via facsimile and first class mail, postage prepaid to:

       Michael G. Cooksey, Esq.
       Cooksey & Cooksey, P.A.
       1700 Broadway, Suite 1700
       Denver, Colorado  80290
       Facsimile: (303) 860-0102

And by first class mail only to:

       Karen A. Moreno
       Day, Berry & Howard LLP
       CityPlace I
       Hartford, Connecticut  06103-3499

       Matthew J. Becker
       Catherine Dugan O'Connor, Esq.
       Day, Berry & Howard LLP
       One Canterbury Green
       Stamford, CT  06901

3/3/04