IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NETKEY, INC.<br><br>Plaintiff<br><br>v.<br><br>NETSHIFT SOFTWARE, LTD.,<br>AUTOMOBILE CLUB OF HARTFORD,<br>MONTEGONET, LLC,<br><br>Defendants/Counter-Claimants. | ) <br>) <br>) <br>) <br>) Civil Action No. 00 CV 1364(AVC)<br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF '071 PATENT
<u>CLAIM CONSTRUCTION ON GROUNDS OF CLEAR ERROR</u>**

Pursuant to Rule 7(d) of the Connecticut Local Rules of Civil Procedure, Plaintiff Netkey, Inc. ("Netkey") submits the following Reply To Defendants' Response In Opposition To Plaintiff's Motion For Reconsideration Of '071 Patent Claim Construction On Grounds Of Clear Error.

I. **Defendants Have Not Substantively Addressed The Error Of Law That The Court Committed In Arriving At The Proposed Claim Construction**

In their Response, Defendants do not address the failure of the Court's Ruling in following the proper steps of claim construction as set forth in *Vitronics Corp. v. Conceptronic Inc.*, 90 F.3d 1576 (Fed.Cir.1996), nor the error of law that results from the claim construction for the '071 Patent. Assuming *arguendo* that the Court's plain ordinary meaning of "to mask," is correct, Netkey has asserted that a review of specification of the '071 patent pronounces a use of "to mask" which is

broader than the plain ordinary meaning (as narrowly read by the Court) and commands that the resulting claim construction not be limited to the Court's plain ordinary meaning of "to overlay."

When discussing a patentee acting as his own lexicographer, *Vitronics* states that "the specification acts as a dictionary when it expressly defines terms used in the claims or when it defines terms by implication." 90 F.3d at 1582. Accepting the Court's plain ordinary meaning for argument's sake, the specification clearly, explicitly shows use of "to mask" in a broader sense than such meaning, and a use that is not relegated to the definition "to overlay." The specification includes the inventor's explicit (and in the very least by implication) use of "to mask" as being achieved by browser coding and demands that the plain ordinary meaning be expanded to include such so that resulting claim construction is legally correct.

On page two of their Response, Defendants cite case law stating "the specification can supply understanding of unclear terms, but should never trump the clear meaning of the claim terms." *Comark Comms, Inc. v, Harris Corp.*, 156 F.3d 1182, 1187 (Fed. Cir. 1998). Netkey is not referencing the specification in attempt to "trump" the plain ordinary meaning ("to overlay") given by the Court to the claim term "to mask." Rather, Netkey's proposes that the proper claim construction includes and further is additive to the Court's plain ordinary meaning "to overlay." In *Comark*, the Defendant was advocating reading a limitation from the specification into the claim, which the Court rejected. ("It is precisely against this type of claim construction that our prior case law counsels. *Id.*) In a similar

attempt to improperly limit claim scope, Defendants in the present case are asking the Court to ignore language in the specification which requires the Court's plain ordinary meaning to be broadened when determining proper claim construction. Likewise, this Court should reject Defendants incorrect legal arguments made solely in attempt obtain a limiting claim construction in their favor.

## II. Claim Construction Should Be Finalized At Trial

Claim construction has yet to be finalized and does not need to be until the close of the case when the Court instructs the jury. The Court need not construe the claims prior to giving its final instruction to the jury. *TM Patents, L.P. v. IBM Corp.*, 72 F.Supp.2d 370, 378 (SDNY 1999). The Federal Circuit has not adopted a rule as to when claim construction should occur but has suggested in *Markman v Westview Instruments, Inc.* 52 F. 3d 967 (Fed. Cir. 1995) (en banc), aff'd, 517 U.S. 370 (1996) that claim construction should occur at a time such that the court can instruct the jury on the construction to be used in its deliberation. 52 F.3d at 981-82. "A trial court may exercise its discretion to interpret the claims at a time when the parties have presented a full picture of the claim invention and prior art." *Sofamar Danek Group, Inc. v. DePuy-Unitech, Inc.*, 74 F.3d 1216, 1221 (Fed.Cir. 1996) Upon refusing to adopt a uniform rule upon when to conduct claim construction, the Federal Circuit stated "for the stage at which the claims are construed may vary with the issues, their complexity, the potentially dispositive nature of the construction, and other considerations of the

particular case." *Vivid Techs., Inc. v. American Science and Eng'g, Inc.*, 200 F.3d 795, 803 (Fed, Cir 1999)

There are several decisions where claim construction occurred during trial, and even after trial upon review of jury's verdict, including *Markman* itself. See 517 U.S. at 375-76; *Lucas Aerospace, Ltd. V. Unison Indus., L.P.*, 890 F. Supp. 329 (D. Del. 1995) (claims construed post-trial upon review of jury's verdict); See also, *John Hopkins Univ. v. CellPro*, 894 F.Supp. 819, 826 (D.Del. 1995) (claims construed on eve of last day of trial); *York Products, Inc. v. Central Tractor Farm & Family Center*, 99 F.3d 1568, 1571 (Fed.Cir. 1996) ("After the trial had been underway about a week, the trial court distributed draft jury instructions which interpreted the claims."); *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1580 (Fed.Cir. 1996) (noting the district court delayed construing the disputed language until the close of testimony upon hearing all the evidence put forth at trial.)

Expert reports have been submitted by both parties. Netkey's Expert Frederick Sayward has submitted an Expert Witness Report dated May 24, 2002 (Plaintiff's Trial Exhibit 76) and Expert Witness Rebuttal Report dated September 20, 2002 (attached as Exhibit 14 to Memorandum Brief in Support of Defendants' Motion or Summary Judgment Doc.76 ). Defendants have submitted an expert report dated February 15, 2002 (Defendants Trial Exhibit E) and an expert rebuttal may still be filed prior to trial. Further, expert testimony will be heard at trial. Netkey respectfully requests the Court wait to consider this expert testimony prior to making a final determination as to claim construction

4

and as to Netkey's Motion for Reconsideration of the Claim Construction of the '071 Patent. The Court should make a final determination at the close of testimony and present such claim construction when instructing the jury.

Respectfully submitted,

2 March 04
Date

_____
Gene S. Winter, ct05137
Helen M. Limoncelli, ct24332
St. Onge Steward Johnston & Reens LLC
986 Bedford Street
Stamford, Connecticut 06905-5619
Telephone: (203) 324-6155
Facsimile: (203) 327-1096

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing **PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF '071 PATENT CLAIM CONSTRUCTION ON GROUNDS OF CLEAR ERROR** is being served this 2 day of March, 2004, via facsimile and first class mail, postage prepaid to:

Michael G. Cooksey, Esq.
Cooksey & Cooksey, P.A.
1700 Broadway, Suite 1700
Denver, Colorado 80290
Facsimile: (303) 860-0102

And by first class mail only to:

Karen A. Moreno
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499

Matthew J. Becker
Catherine Dugan O'Connor, Esq.
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT 06901

3/3/04
Date