IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NETKEY, INC.<br><br>Plaintiff<br><br>v.<br><br>NETSHIFT SOFTWARE, LTD.,<br>AUTOMOBILE CLUB OF HARTFORD,<br>MONTEGONET, LLC,<br><br>Defendants/Counter-Claimants. | )<br>)<br>)<br>) Civil Action No. 00 CV 1364(AVC)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO EXCLUDE TIMOTHY DAW**
**AS AN EXPERT WITNESS**

Plaintiff Netkey, Inc. ("Netkey") hereby moves this Court for an Order to exclude Timothy Daw as an expert witness for the reasons stated below.

I.   **The Court Should Exclude Timothy Daw Should From Testifying As An Expert**

The district court may make pretrial rulings on the admissibility of expert testimony. Fed.R.Civ.P. 16(c)(4); see also Fed.R.Ev. 104(a) (The court may hold a preliminary hearing on admissibility of evidence.) In *Kumho Tire Co. v. Carmichael*, 119 S.Ct. 1167 (1999), and *Daubert v. Merrell Dow Pharms., Inc.* 509 U.S. 579 (1993), the Supreme Court directed that district judges act as "gatekeepers" for all expert testimony by evaluating whether the offered testimony is relevant and reliable enough to be presented to the jury. Upon request, the district court can make a pretrial evaluation of whether an expert's opinion is inadmissible because it lacks a reliable foundation in the expert's discipline. *Daubert* at 592-93; Fed.R.Ev. 104(a).

In objecting to an expert's opinion offered under Federal Rule of Evidence

702, the pretrial motion to exclude the expert can challenge the expert's qualifications as well as the reliability (and relevance) of the expert's opinion. *Fund of Funds, Limited v. Arthur Andersen*, 454 F. Supp. 1314, (S.D.N.Y. 1982). The Court should make a determination prior to trial as to the reliability of the testimony of Defendants' Expert Timothy Daw. Netkey asserts that he is not qualified as an expert and that any testimony he would give at trial would be inherently unreliable.

**II.     Timothy Daw Is Not Qualified As An Expert**

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which requires an expert witness to have "specialized knowledge" regarding the area of testimony. " Fed.R.Ev. 702. While the basis of this specialized knowledge can be either professional studies or personal experience, in either case, the gatekeeping requirement (as set forth in *Daubert* and FRE 702) ensures that an expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho* at 1176. An expert must have the necessary academic training to support the opinion. *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1043 (2d Cir 1995).

Defendants have endorsed Timothy Daw as an expert witness. *See Defendants' Endorsement of Expert Witnesses Mitchell Hoffman, Andy Pinkard and Timothy Daw*, dated February 15, 2002, attached hereto as Exhibit A. Mr. Daw touts himself as an expert in kiosk browser systems. *See* Deposition Transcript of Timothy Daw dated November 20, 2002, p. 84, lines 2-4, attached hereto as Exhibit B. However, Mr. Daw is not qualified to provide expert testimony as he has neither the professional or academic credentials nor the

personal, practical experience in the discipline that would confer upon him the requisite specialized knowledge.

Specifically, Mr. Daw has no formal college level education in any computer-related field.  He graduated with a degree in Agricultural Forest Sciences and took no computer science courses.  *Id*. at p. 73, line 20 to p. 74, line 2; *See also* Curriculum Vitae of Timothy Daw, attached hereto as Exhibit C.  Daw asserts that he became an expert in internet kiosk systems, not including expert knowledge of source code, in May of 1996.  *See* Exhibit B, p. 101, line 23 to p. 102, line 7.  Mr. Daw asserts that he became an expert over a two-month period, from April to June 1996.  He says that he accomplished this by studying Netkey's kiosk product.  *Id*. at p. 100, lines 21-25.

Mr. Daw has never done any expert consulting work outside his job at NetShift and its predecessor, Daw Systems Limited.  *Id.* at p. 109, lines 21-24.  He has never before served as an expert in a case and his alleged expertise in evaluating infringement of patent claims was prompted solely by this case.  *Id.* at p. 113, lines 11-16; p. 119, lines 2-8.  Mr. Daw is not an "independent" expert who could act as an expert witness in any other case, as his employment contract with NetShift prevents him taking external work without its approval.  *Id*. at p. 122, lines 18-23.  Mr. Daw has never authored any scientific journal articles.  *Id*. at p. 113, lines 22-25.  Mr. Daw has never taught any courses in the field of computer science.  *Id*. at p. 124 lines 21-23.

Mr. Daw's expert report does not specify his qualifications, and nowhere in the Defendants' submission are his qualifications set forth.  Mr. Daw did not follow an objective, structured course of study in the field of computer science.  His acquisition of knowledge has been subjective from the beginning as he,

3

himself, picked his path of study without any formal instruction from an institution of higher learning. He does not possess the necessary academic qualifications to support his expert testimony.

### III. Timothy Daw's Expert Opinion Is Not Reliable

Federal Rule of Evidence 702 requires that the testimony be based upon sufficient facts or data, the testimony be the product of reliable principles and methods, and the witness have applied the principles and methods reliably to the facts in the case. Fed.R.Ev. 702. The expert must employ the same level of intellectual rigor as other experts in the field. *Kumho* at 1176.

Mr. Daw testimony is not sufficiently reliable. Portions of Mr. Daw's expert report were not written by Mr. Daw but by Andrew Pinkard, who was precluded from serving as an expert on motion by Netkey and by order of this Court. *See* Doc. 73 dated Sept. 13, 2002. The expert report was titled in the name of Daw and Pinkard and signed by both, indicating on its face that it was not written by Mr. Daw. Mr. Daw states that he and Mr. Pinkard spent "tens of hours" discussing the report and e-mailing drafts to one another and Mr. Pinkard had substantial input on the claim interpretation. *See* Exhibit B at p. 53, lines 14-15; p. 54, line 4-p. 55 line 16.

The expert report of Mr. Daw should be deemed inadmissible and any further testimony excluded. There is clear bias which precludes Mr. Daw from giving reliable testimony. Specifically, Mr. Daw started the company NetShift. *See* Exhibit C. At such time, Mr. Daw obtained stock ownership in NetShift. *See* Exhibit B at p. 112, lines 6-8. He is the beneficiary of a trust that owns stock in NetShift and he may additionally obtain stock options and other payment from

4

the company in the future. *Id.* at p.14, lines 5-10; and p.18, lines 12-14; and p.19, lines 7-10. Mr. Daw has a vested interest in NetShift's success and has admitted that he stands to gain from any success. *Id.* at p. 16, lines 20-23. As NetShift's success is tied to his own, Mr. Daw is biased and cannot review data and facts objectively and apply reliable methods and principles to give sound expert testimony in this case. Even if his testimony is admitted into evidence, the glaring bias that exists will result in the reasonable trier of fact giving little, if any, weight to his testimony.

For the foregoing reasons, the expert testimony of Mr. Daw should be deemed inadmissible by the Court at this time. Alternatively, at the start of trial the Court should conduct extensive voir dire of Defendants' expert witness Timothy Daw in order to determine whether or not he is qualified as an expert and his testimony should be allowed at trial.

Respectfully submitted,

3/3/04
Date

Gene S. Winter, ct05137
Helen M. Limoncelli, ct24332
St. Onge Steward Johnston & Reens LLC
986 Bedford Street
Stamford, Connecticut 06905-5619
Telephone: (203) 324-6155
Facsimile: (203) 327-1096

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing **PLAINTIFF'S MOTION TO EXCLUDE TIMOTHY DAW AS AN EXPERT WITNESS** is being served this 3 day of March, 2004, via facsimile and first class mail, postage prepaid to:

> Michael G. Cooksey, Esq.
> Cooksey & Cooksey, P.A.
> 1700 Broadway, Suite 1700
> Denver, Colorado 80290
> Facsimile: (303) 860-0102

And by first class mail only to:

> Karen A. Moreno
> Day, Berry & Howard LLP
> CityPlace I
> Hartford, Connecticut 06103-3499
>
> Matthew J. Becker
> Catherine Dugan O'Connor, Esq.
> Day, Berry & Howard LLP
> One Canterbury Green
> Stamford, CT 06901

3/3/04
Date

_[signature]_