IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NETKEY, INC. | ) |
| Plaintiff | ) ) |
| | ) Civil Action No. 00 CV 1364(AVC) |
| v. | ) ) |
| NETSHIFT SOFTWARE, LTD., AUTOMOBILE CLUB OF HARTFORD, MONTEGONET, LLC, | ) ) ) ) |
| Defendants/Counter-Claimants. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE*
RE: STATEMENTS IN TRIAL BY PLAINTIFF'S COUNSEL
MIS-REPRESENTING THE APPLICABLE BURDEN OF PROOF**

Pursuant to Rule 7(a)(1) of the Connecticut Local Rules of Civil Procedure, Plaintiff Netkey, Inc. ("Netkey") submits the following Opposition To Defendants' Motion *In Limine* Re: Statements In Trial By Plaintiff's Counsel Mis-Representing The Applicable Burden of Proof.

   I.   **The Case Law Cited By Defendants Does Not Support Their Contention That There is No Presumption of Validity Because The '848 Is Allegedly Not Entitled To The Filing Date of It's Parent Application**

Defendants have filed this Motion asserting "Netkey's counsel should not be allowed at trial to mis-represent to the jury the applicable burden of proof, who bears it, the burden of going forward, etcetera." Defendants' Motion *In Limine* Re:Statements In Trial By Plaintiff's Counsel Mis-Representing The Applicable Burden of Proof, p. 3-4.

Netkey responds that the law is clear on the presumption of validity and the burden of proof with respect to proving invalidity. Defendants assertion that the '848 patent is not entitled to the benefit of the filing date of its parent (the '071 patent) is the basis for their invalidity argument. Hence, as Defendants bear the burden of proving invalidity, they bear the burden of proving such nonentitlement as they would for any basis of an assertion of invalidity of the '848 patent.

Defendants assert "[t]here is thus no PTO finding to which to defer, and the '848 Claims are therefore entitled only to the filing date of the '848 unless Plaintiff can prove otherwise." Defendants' Motion *In Limine* at p. 3. The case law simply does not support this. In making his argument, Defendants have cited *Pennwalt Corp. v. Akzona Inc.*, 570 F.Supp 1097, 1102 (D.Del. 1983). *Pennwalt* addresses a different issue, that of a patentee's filing of a continuation in part (CIP) application to overcome a prior art rejection in the parent case. In such an instance, the district court stated that there was no entitlement to the filing date of the parent application as the effective date was never decided by the Examiner, nor should it have been, citing the Manual of Patent Examining Procedure. *Pennwalt* at 1102. On appeal, the Federal Circuit stated that the burden is on the party alleging invalidity. *Pennwalt v. Corp. v. Akzona Inc.,* 740 F.2d 1573 (Fed.Cir. 1984). "Filing a CIP patent application to overcome a PTO rejection does not, however give rise to a irrebutable presumption of acquiescence on the rejection….**As with any other basis for asserting patent invalidity, Pennwalt has the burden of overcoming the presumption of validity under 35 U.S.C. §282 by clear and convincing evidence**….although this burden of proof remains on the party alleging invalidity

throughout trial, once a prima facie case of acquiescence is established, the patentee must come forward with countervailing evidence. *Pennwalt*, 740 F.2d at 1578-79 (emphasis added).

Defendants also cite *Advance Transformer Co. v. Levinson*, 231 U.S.P.Q 1 (N.D. Ill. 1986), aff'd in part, vacated in part, rev'd in part , 837 F.2d 1081 (Fed. Cir. 1988), which states a "continuation-in-part application is not entitled to receive the prior filing date of an earlier application under Section 120, **to overcome a prior art reference**, without first determining whether the disclosure of the patent application adequately supports the claims asserted in the continuation-in-part application under Section 112. *Advance Transformer,* 231 U.S.P.Q. at 16 (emphasis added). On appeal, the Federal Circuit vacated the finding of invalidity by the district court as the issue was mooted by the holding of noninfringement. *Advance Transformer Co. v. Levinson*, 837 F.2d at 1084. In contrast, in the present case there is no such issue of a prior art rejection by PTO in a parent application which the patentee attempted to overcome by the filing of a continuation-in-part application. Therefore, Defendants have the burden of showing that there is intervening prior art and must have clear and convincing evidence to prove it.

The issue presented in Defendants' Motion is the applicable burden of proof with respect to Defendants' assertion of invalidity with respect to a presumptively valid issued patent. As with any basis of asserting invalidity, the burden rests upon Defendants to overcome the presumption of the validity, and despite the Defendants' assertions otherwise, this is not contradicted by the case law they cite within their Motion.

## II. The Defendants Have The Burden Of Proof As To Invalidity Of Patent By Clear And Convincing Evidence.

"A patent shall be presumed valid." 35 U.S.C. §282. *See Panduit Corp. v. Dennison Mfg. Co.*, 810 F.2d 1561, 1570 (Fed.Cir.), *cert. denied*, 481 U.S. 1052 (1987). Under 35 U.S.C. §282, a patent is presumed valid based on a presumption of administrative correctness of actions by the agency charged with examining patentability. "When a patent has been examined and duly granted, judicial review must give due weight to the presumption of validity." *Applied Materials, Inc. v. Advanced Semiconductor Materials America, Inc.*, 98 F.3d 1563, 1569 (Fed. Cir. 1996). The presentation of evidence that was not before the U.S. Patent Office Examiner does not change the presumption of the patent's validity. *Id.* The statutory presumption of validity "is applicable to all of the many bases for challenging a patent's validity." *Panduit Corp., supra* ("When, as here, the sole challenge is an allegation of obviousness, the presumption is that the invention would not be obvious.").

A party asserting invalidity of a patent bears the burden of proof on the issue, **by clear and convincing evidence**. *Carella v. Starlight Archery and Pro Line Co.*, 804 F.2d 135, 138 (Fed. Cir. 1986), *reh'g granted, amended*, 1 U.S.P.Q.2d 1209 (Fed. Cir. 1986); *Applied Materials, Inc. v. Advanced Semiconductor Materials America, Inc.*, 98 F.3d at 1569; *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1563 (Fed.Cir. 1997), *cert. denied*,118 S.Ct. 369 (1997). *See also Avia Group Intern., Inc. v. L.A.Gear California, Inc.*, 853 F.2d 1557, 1562 ("Further, a challenger must establish facts, by clear and convincing

evidence, which persuasively lead to the conclusion of invalidity."), citing *Perkin-Elmer Corp. v. Computervision Corp.*, 732 F.2d 888, 894 (Fed.Cir.), *cert. denied*, 469 U.S. 857 (1984). This clear and convincing evidence standard applies to assertions of invalidity based on prior art anticipation (*Minnesota Mining & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc.*, 976 F.2d 1559, 1565 (Fed.Cir. 1992)); and assertions of invalidity based on prior art obviousness (*U.S. Surgical*, 103 F.3d at 1563; *Magnesystems, Inc. v. Nikken, Inc.*, 34 U.S.P.Q.2d 1112, 1119 (C.D. Cal. 1994), *aff'd*, 61 F.3d 919 (Fed. Cir. 1995).

## CONCLUSION

As with any other basis for asserting invalidity, Defendants have the burden of overcoming the presumption of validity of the '848 patent by clear and convincing evidence. There simply is no support for the assertions made in Defendant's Motion *In Limine*.

Respectfully submitted,

3/9/04
Date

Gene S. Winter, ct05137
Helen M. Limoncelli, ct24332
St. Onge Steward Johnston & Reens LLC
986 Bedford Street
Stamford, Connecticut  06905-5619
Telephone: (203) 324-6155
Facsimile: (203) 327-1096

Attorneys for Plaintiff

5

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE RE: STATEMENTS IN TRIAL BY PLAINTIFF'S COUNSEL MIS-REPRESENTING THE APPLICABLE BURDEN OF PROOF** is being served this 9th day of ~~February,~~ March 2004, via facsimile and first class mail, postage prepaid to:

Michael G. Cooksey, Esq.
Cooksey & Cooksey, P.A.
1700 Broadway, Suite 1700
Denver, Colorado 80290
Facsimile: (303) 860-0102

And by first class mail only to:

Karen A. Moreno
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499

Matthew J. Becker
Catherine Dugan O'Connor, Esq.
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT 06901

3/9/04
Date

6