IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NETKEY, INC., a Delaware Corporation, ) ) ) Plaintiff, ) ) vs. ) ) NETSHIFT SOFTWARE, LTD., ) AUTOMOBILE CLUB OF HARTFORD, ) MONTEGONET, LLC, ) ) Defendants/Counter-Claimants. ) ) | CASE NUMBER: 3:00 CV 1364 (AVC)<br><br><br><br><br><br><br><br><br><br>March 29, 2004 |

**DEFENDANTS' REPLY IN SUPPORT OF CROSS-MOTION TO STRIKE PLAINTIFF'S EXPERT, DR. SAYWARD**

Defendants, Netshift Software Ltd., Automobile Club of Hartford, and MontegoNet, LLC (hereinafter, collectively, "Defendants"), by and through their undersigned counsel, submit the following reply in support of their *Cross Motion to Strike Plaintiff's Expert, Dr. Sayward*, as follows:

1. It is notable that Plaintiff, in its *Opposition to Defendants' Cross Motion to Strike Plaintiff's Expert, Dr. Sayward*, completely avoids discussion of several key points raised in the *Cross-Motion to Strike* Dr. Sayward. Plaintiff merely states, incorrectly, that, "Defendants have not address (*sic*.) The appropriate grounds, such as qualifications and reliability of opinion, for excluding expert testimony under FRE 702." (*Opposition to Cross-Motion*, p.4).

2. Plaintiff, in their *Opposition to Defendants' Cross-Motion*, misleadingly state that the basis for Defendants' attack on Dr. Sayward stems from his long-time personal and social friend of Plaintiff's counsel, Gene Winter. While this is certainly one of the areas of which Defendants complain, Plaintiff conveniently ignores all the other points raised in the *Cross-Motion*. For example, Plaintiff utterly fails to address the

       following points raised in the *Cross-Motion*: (1) that Mr. Winter appears to have written one or more of Dr. Sayward's "expert" reports (*Cross-Motion*, at pp.2-3); (2) that Dr. Sayward had infringement opinions attributed to him by Mr. Winter even before he (Sayward) had been retained and even before he had begun his work in this case (*Cross-Motion*, at p.3); (3) that Dr. Sayward possessed no background whatsoever in kiosk software and system design, nor in development of kiosk systems, which is the subject matter of the patents in suit (*Cross-Motion*, at p.4); (4) that, before this lawsuit, Dr. Sayward had not even seen a kiosk (*Cross-Motion*, at p.4); and (5) that Dr. Sayward had not even the faintest clue of what was a "person of ordinary skill in the art" (*Cross-Motion*, at p.4).

3. Where in its *Opposition to Cross-Motion*, does Plaintiff offer any evidence to refute any of these five (5) points regarding Dr. Sayward, his utter lack of background in the field of kiosk systems, and his manifestly evident lack of objectivity? The answer, as Plaintiff well knows, and as is abundantly evident from its silence, is that it has no evidence to refute any of these attacks on its expert.

4. Instead, Plaintiff, glossing over these obviously enormous problems, attempts to divert the Court's attention, focusing on Dr. Sayward's 35-year career in academia, research, and code-writing.

5. The problems with Dr. Sayward are glaring. Defendants request this Court to take a good, long, hard look at this "expert", and to find that he simply does not have the requisite background or experience in kiosk systems, and that his obvious bias in favor of his friend, Mr. Winter, precludes him from ever serving in any meaningful, objective way.

    WHEREFORE, for the foregoing reasons, Defendants respectfully move this Honorable Court to enter an order striking Dr. Sayward as an expert witness.

**DATED** March 29, 2004.

        Respectfully submitted,

        **COOKSEY & COOKSEY, P.A.**


    By_____
       Michael G. Cooksey, Esq.
       (Ct 21024)
       1700 Broadway, Suite 1700
       Denver, Colorado  80290
       (303) 860-0101
       ATTORNEYS FOR THE DEFENDANTS


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 29, 2004, a true and correct copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF CROSS- MOTION TO STRIKE PLAINTIFF'S EXPERT, DR. SAYWARD** was placed in the U.S. Mail, postage prepaid and addressed to:

Clerk of the U.S. District Court (by Federal Express, Tracking No.: 842169166581, on 3-29-04)
 District of Connecticut
450 Main Street
Hartford, CT  06103

Gene S. Winter, Esq.
ST. ONGE, STEWARD, JOHNSTON & REENS, LLC
986 Bedford Street
Stamford, CT  06905-5619

Matthew J. Becker, Esq.
DAY, BERRY & HOWARD, LLP
City Place I
Hartford, CT  06103-3499

        _____