IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NETKEY, INC.,<br> a Delaware Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>NETSHIFT SOFTWARE, LTD.,<br>AUTOMOBILE CLUB OF HARTFORD,<br>MONTEGONET, LLC,<br><br>    Defendants/Counter-Claimants. | CASE NUMBER: 3:00 CV 1364 (AVC)<br><br><br><br><br><br><br><br><br>March 26, 2004 |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* RE: STATEMENTS IN TRIAL BY PLAINTIFF'S COUNSEL MIS-REPRESENTING THE APPLICABLE BURDEN OF PROOF**

Defendants, Netshift Software Ltd., Automobile Club of Hartford, and MontegoNet, LLC (hereinafter collectively "Defendants"), by and through their undersigned counsel, hereby submit the following *Reply in Support* of their Motion *in Limine re: Burden of Proof*, as follows:

**INTRODUCTORY NOTE:** Defendants, in their Motion, referenced the case of ***Advance Transformer Co. v. Levinson***, but errantly omitted the citation thereto.  That citation is: 231 U.S.P.Q. 1, 16 (N.D. Ill. 1986), *aff'd in part*, *vacated in part*, *rev'd in part*, 837 F.2d 1081 ( Fed. Cir. 1988).  Defendants apologize for any inconvenience or confusion this may have caused.

Plaintiff begins its argument in opposition by misstating Defendants' contention as being that "There is no presumption of validity because the '848 is allegedly not entitled to the filing date of its parent application" (p.1, Plaintiff's *Opposition*, title of Section I thereto).  Defendants have never contended that there is no presumption of validity.  Rather, Defendants directly stated the essence of their contention at the very outset of their Motion *in Limine*:

> The presumption, like all legal presumptions, is a procedural device, not substantive law. It merely places the burden of going forward on the challenger of the patent. ***American Hoist & Derrick Co. v. Sowa & Sons, Inc.***, 725 F.2d 1350, 1359, 220 USPQ 763, 770 (Fed. Cir. 1984). However, once the validity challenger has introduced prior art making a *prima facie* case of invalidity, the patentee has the burden of offering evidence to prove a date sufficiently early to defeat the cited prior art. ***Mahurkar v. C.R. Bard, Inc.*** (Fed. Cir. 1996).

(Defendants' Motion *in Limine*, pp.1-2).

It is highly noteworthy that Plaintiff completely sidestepped the foregoing argument, and never addressed either of the cited cases in its *Opposition*. Having thus conveniently ignored Defendants' actual argument, Plaintiff goes on to "respond" that "the law is clear on the presumption of validity and the burden of proof with respect to proving invalidity...Hence, as Defendants bear the burden of proving invalidity, they bear the burden of proving such nonentitlement as they would for any basis of an assertion of invalidity of the '848 patent." (Plaintiff's *Opposition*, p.2). Plaintiff offers this conclusion without supporting citations.

Plaintiff next argues that ***Pennwalt Corporation v. Akzona, Inc.,*** 570 F. Supp. 1097, 1102 (D. Delaware, 1983), *aff'd*, 740 F.2d 1573 (Fed. Cir. 1984), cited by Defendants in their Motion *in Limine*, "addresses a different issue, that of a patentee's filing of a continuation in part (CIP) application to overcome a prior art rejection in the parent case." This misstates ***Pennwalt***, which was a declaratory judgment action for invalidity, and which held that there was no presumption of entitlement to the filing date of an earlier filed parent application merely from the issuance of a later C-I-P patent. 570 F. Supp. at 1102. Contrary to Plaintiff's assertion, this is precisely the situation in the present case, in which Plaintiff seeks to stretch the presumption of validity of the '848 Patent to include a presumption of entitlement to the filing date of the '071. On appeal in ***Pennwalt,*** the Federal Circuit did not disagree with the district court's holding on that issue. In fact, as quoted by Plaintiff in its *Opposition*, the Federal Circuit even pointed out that although the burden of proof remains constant throughout trial, the burden of going forward with evidence shifts once a prima facie case has been made (see Plaintiff's *Opposition*, pp. 2-3).

With respect to the ***Advance Transformer*** case cited by Defendants, Plaintiff essentially repeats its flawed arguments made against ***Pennwalt.*** The district court in ***Advance Transformer***

2

was directly on point when it held that, "A patentee bears the burden of proving that language contained in a parent application supports claims in a later filing application." 231 U.S.P.Q. at 16.

Plaintiff offers the *Applied Materials* case as purportedly showing that, "presentation of evidence that was not before the U.S. Patent Office Examiner does not change the presumption of the patent's validity." (Plaintiff's *Opposition*, p.4). However, the same paragraph in *Applied Materials* which is the source of Plaintiff's argued rule of law contains language which markedly qualifies that rule of law:

> The presumption of validity is based on the presumption of administrative correctness...The presentation at trial of additional evidence that was not before the PTO does not change the presumption of validity or the standard of proof, *although the burden may be more or less easily carried because of the additional evidence* (emphasis added).

*Applied Materials* merely elaborates upon, but does not contradict, the law cited by Defendants in the cases of *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 605 (Fed. Cir. 1985), *EWP Corp. v. Reliance Universal, Inc.*, 755 F.2d 898, 225 USPQ 20 (Fed. Cir. 1985), and *American Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 220 USPQ 763 (Fed. Cir. 1984) (see Defendants' Motion *in Limine*, p.2).

All that Defendants are requesting in their Motion *in Limine* is for the jury to be made aware of the law as it relates to the presumption of validity of patents, so that Plaintiff does not unduly prejudice the jury with its improper version of the law. Simply put, the presumption of validity is a procedural device, not substantive law. It is based on the presumption of administrative correctness, out of deference to the decisions of the Patent Office. Therefore a patentee ought not to be allowed to withhold information on its own intervening prior art sales from the Patent Office, then turn around at trial and claim a presumption of entitlement to the filing date of an earlier application, when the issue of such entitlement would have been decided by the PTO if those sales had been properly disclosed during the prosecution of the patent application. This would be contrary to common sense, and the Federal Circuit has at every opportunity avoided just such a result.

**WHEREFORE**, Defendants respectfully request this Honorable Court to grant the relief requested in their Motion *in Limine*.

**DATED**: March 26, 2004.

          Respectfully submitted,

          **COOKSEY & COOKSEY, P.A.**

By: _____
Michael G. Cooksey, Esq.
(Ct 21024)
1700 Broadway, Suite 1700
Denver, Colorado 80290
(303) 860-0101
ATTORNEYS FOR THE DEFENDANTS

### CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on March 26, 2004, a true and correct copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* RE: STATEMENTS IN TRIAL BY PLAINTIFF'S COUNSEL MIS-REPRESENTING THE APPLICABLE BURDEN OF PROOF** was placed in the U.S. Mail, postage prepaid and addressed to:

Clerk of the U.S. District Court    (by Federal Express only)
 District of Connecticut
450 Main Street
Hartford, CT 06103

Gene S. Winter, Esq.
ST. ONGE, STEWARD, JOHNSTON & REENS, LLC
986 Bedford Street
Stamford, Connecticut 06905-5619

Matthew J. Becker, Esq.
DAY, BERRY & HOWARD, LLP
City Place I
Hartford, CT 06103-3499

_____