IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NETKEY, INC. | ) |
| | ) |
| Plaintiff | ) |
| | ) Civil Action No. 00 CV 1364(AVC) |
| v. | ) |
| | ) |
| NETSHIFT SOFTWARE, LTD. and | ) |
| AUTOMOBILE CLUB OF HARTFORD | ) |
| and MONTEGONET LLC, | ) |
| | ) |
| Defendants/Counter-Claimants. | ) |

**NETKEY'S REQUEST FOR ADOPTION OF JURY INSTRUCTION
CONCERNING ADVICE OF COUNSEL WHEN CONSIDERING
<u>WILLFULL INFRINGEMENT</u>**

Netkey, Inc. ("Netkey") previously submitted a proposed Jury Instruction Concerning Advice of Counsel When Considering Willful Infringement (Doc. 151). As no responsive instruction has been submitted by Defendants, Netkey respectfully requests the Court enter Netkey's proposed Jury Instruction by default.

When jury instructions were filed as part of the Joint Trial Memorandum, there was a dispute as to the instruction on willful infringement, specifically, relating to advice of counsel and opinions that were not produced by Defendants. The parties were to then submit alternative instructions. (See Joint Trial Memorandum (Doc. 69), Exhibit C, p. 47). On March 3, 2004, Plaintiff submitted the proposed Jury Instruction and requested it be incorporated into the existing jury instructions so that they may be finalized as a whole.

Defendants have not filed a responsive submission. On April 6, 2004, Netkey sent a letter to Defendants' counsel inquiring into a submission of an alternate instruction by Defendants. *See* Letter from Gene S. Winter attached at Exhibit A. Defendants replied on April 14, 2004 stating that they would not make any such submission until the Court's charging conference. *See* Email from Michael G. Cooksey attached at Exhibit B.

The Defendants' attempt to delay their submission of a proposed jury instruction on willful infringement until the time of the charging conference is inappropriate and untimely as the remaining jury instructions have already been submitted long ago with the Joint Trial Memorandum. Federal Rule of Civil Procedure 51 allows for the Court to give the instructions to the jury before or after final arguments, of both. Defendants' delay will prevent the Court from finalizing jury instructions and giving the completed instructions to the jury prior to argument, if it so chooses, under Fed.R.Civ.P.51. As such, the proposed instructions on willful infringement, as to which there is a dispute, should be submitted by each of the parties prior to trial, to be incorporated with the existing jury instructions so that they may be finalized prior to trial so that their substances can be used in opening statements. As Defendants have failed to make an alternate submission within the time allotted by the Local Rules, the Court should adopt Netkey's proposed instruction at this time.

As trial quickly approaches, Netkey respectfully request that the Court enter its proposed Jury Instruction Concerning Advice of Counsel When Considering Willful Infringement and incorporate it into the existing jury

instructions.

Respectfully submitted,

_20 April 04_
Date

/s/ Gene S. Winter
Gene S. Winter, ct05137
Helen M. Limoncelli, ct24332
St. Onge Steward Johnston & Reens LLC
986 Bedford Street
Stamford, Connecticut 06905-5619
Telephone: (203) 324-6155

Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing **NETKEY'S REQUEST FOR ADOPTION OF JURY INSTRUCTION CONCERNING ADVICE OF COUNSEL WHEN CONSIDERING WILLFULL INFRINGEMENT** is being served this 20th day of April, 2004 via facsimile and first class mail, postage prepaid to:

Michael G. Cooksey, Esq.
Cooksey & Cooksey, P.A.
1700 Broadway, Suite 1700
Denver, Colorado 80290
Facsimile: (303) 860-0102

And by first class mail only to:

Karen A. Moreno
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499

Matthew J. Becker
Catherine Dugan O'Connor, Esq.
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT 06901

_4/20/04_

Exhibit A
_____

**St. Onge Steward Johnston & Reens LLC**

986 Bedford Street
Stamford Connecticut 06905-5619
(203) 324 6155
(203) 327 1096
ssjr.com

April 6, 2004

VIA EMAIL AND REGULAR MAIL
mgc5151@aol.com

Michael G. Cooksey, Esq.
Cooksey & Cooksey, P.A.
1700 Broadway, Suite 1700
Denver, CO 80290

Re:   SSJR File 03265-L0007A
      Civil Action No. 3:00CV1364 (AVC)
      <u>Netkey, Inc. v. NetShift Software, et al.</u>

Dear Mike:

On March 3, 2004, Netkey filed a Submission of Jury Instruction Concerning Advice of Counsel When Considering Willfull Infringement (Doc.151) to be incorporated into the existing Jury Instructions (Exhibit C to the Joint Trial Memorandum filed May 2, 2002).

Please let us know whether NetShift will be responding to Netkey's Submission. If we do not hear from you and you do not make a responsive submission by April 16, 2004, we will request that the Court enter Netkey's Submission of Jury Instruction.

Very truly yours,

*Gene A. Winter/hml*

Gene S. Winter
gsw@ssjr.com

GSW/HML
c: V. Miller Newton (Via email, vmnewton@netkey.com)

New York (212) 730 4554
New Haven (203) 562 0400

Exhibit B

Case 3:00-cv-01364-AVC    Document 162    Filed 04/21/2004    Page 6 of 7

## Limoncelli, Helen M.

**From:** Winter, Gene S.
**Sent:** Wednesday, April 14, 2004 11:47 AM
**To:** Limoncelli, Helen M.
**Subject:** FW: Willful Infringement Jury Instruction

-----Original Message-----
**From:** Mgc5151@aol.com [mailto:Mgc5151@aol.com]
**Sent:** Wednesday, April 14, 2004 12:45 AM
**To:** Winter, Gene S.
**Cc:** DFVBoulder@aol.com
**Subject:** Willful Infringement Jury Instruction

Gene:

Regarding your self-imposed deadline of April 16, 2004, for our responding to your proposed jury instruction on wilful infringement, we will let that "deadline" come and go. We will respond at the appropriate time, i.e., at the Court's charging conference. In any event, there is no evidence in this case that would ever support a finding of wilful infringement, as the standard for such a finding is "bad faith" litigation. NetShift has not defended in bad faith, as is evident from the Court's *Markman* ruling. As you are aware, NetShift prevailed on the construction of the term "masking" and, therefore, there could never be a sustainable finding of wilfulness in this case. Your cease and desist letter applies only to the '071 Patent.

Sincerely,
Mike Cooksey

4/14/2004