IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

NETKEY, INC.,
a Delaware Corporation,

    Plaintiff,

vs.

NETSHIFT SOFTWARE, LTD.,
AUTOMOBILE CLUB OF HARTFORD,
MONTEGONET, LLC,

    Defendants/Counter-Claimants.

CASE NUMBER: 3:00 CV 1364 (AVC)

February 17, 2004

**DEFENDANTS' MOTION *IN LIMINE* RE: STATEMENTS IN TRIAL BY PLAINTIFF'S COUNSEL MIS-REPRESENTING THE APPLICABLE BURDEN OF PROOF**

3:00CV1364(AVC). May 27, 2004. To the extent that the defendants' motion in limine (document no. 147) seeks to preclude evidence and argument that the defendants must prove the invalidity of the plaintiff's patents by a clear and convincing evidentiary standard, the motion is DENIED. See, e.g., McGinley v. Franklin Sports, Inc., 262 F.3d 1339, (Fed. Cir. 2001) ("[t]hroughout the obviousness determination, a patent retains its statutory presumption of validity, . . . and the [party challenging validity] retains the burden to show the invalidity of the claims by clear and convincing evidence as to underlying facts"); Kegel Co., Inc. v. AMF Bowling, Inc., 127 F.3d 1420, 1429 (Fed. Cir. 1997) (invalidity based on anticipation or obviousness "must be established by facts supported by clear and convincing evidence"). To the extent that the defendants' motion in limine seeks to preclude evidence and argument that the 6,078,848 patent is entitled to the filing date of the 5,761,071 patent, the motion is DENIED, because, whether the '848 patent is entitled to the filing date of the '071 patent is, essentially, a question of fact that should not be resolved on a motion in limine. See Max Daetwyler Corp. v. Input Graphics, Inc., 608 F.Supp. 1549, 1558-60 (Pa. 1985) (where question of whether continuation-in-part patent is entitled to parent patent's filing date presents an issue of fact, motion in limine is improper vehicle to decide such an issue).
SO ORDERED.

    Alfred V. Covello, U.S.D.J.