IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NETKEY, INC.<br><br>Plaintiff<br><br>v.<br><br>NETSHIFT SOFTWARE, LTD. and<br>AUTOMOBILE CLUB OF HARTFORD<br>and MONTEGONET LLC,<br><br>Defendants/Counter-Claimants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 00 CV 1364(AVC) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## CONSENT JUDGMENT AND INJUNCTION

WHEREAS, Plaintiff Netkey ("Netkey") filed this action before this Court alleging NetShift Software Ltd., Montegonet LLC, and Automobile Club of Hartford (collectively "Defendants") have in the past, and continue to infringe one or more claims of U.S. Patent No. 5,761,071 ("the '071 Patent") and U.S. Patent No. 6,078,848 ("the '848 Patent") in the United States, in this Judicial District and elsewhere, by making, using, selling, offering to sell, and/or importing software embodying the invention claimed in the '071 Patent and the '848 Patent and/or by contributing to or inducing others to make, use, sell, and/or offer to sell software embodying the invention claimed in the '071 Patent and the '848 Patent.

WHEREAS, Defendants have alleged that the '071 Patent and '848 Patent are not infringed and are invalid.

July 12, 2004.
SO ORDERED.

Alfred V. Covello, U.S.D.J.

WHEREAS, Plaintiff and Defendants desire to settle this matter without either party admitting any liability or wrongdoing.

WHEREAS Plaintiff and Defendants wish to resolve this action and executed a settlement agreement reflecting said resolutions ("Settlement Agreement"), and all Parties consent to this Consent Judgment and Injunction.

WHEREAS, the Settlement Agreement provides that this Consent Judgment be filed with this Court upon execution of the Settlement Agreement and the Settlement Agreement has in fact been executed.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.  Plaintiff Netkey is the owner of the entire right, title, and interest in and to the '071 Patent, entitled "Browser Kiosk System," which was duly and legally issued by the U.S. Patent and Trademark Office on June 2, 1998 in the name of the inventors, Jason D. Bernstein et al., and assigned to assignee Lexitech, Inc, the predecessor to Netkey.

2.  Plaintiff Netkey is the owner of the entire right, title, and interest in and to the '848 Patent, entitled "Browser Kiosk System," which was duly and legally issued by the U.S. Patent and Trademark Office on June 20, 2000 in the name of the inventors, Jason D. Bernstein et al., and assigned to assignee Lexitech, Inc, the predecessor of Netkey.

3.  Defendants, any related companies under common control, and all affiliates, subsidiaries, agents, officers, directors, predecessors, successors,

employees, companies purchasing or licensing the Netshift software, servants, assigns, licensees, attorneys, and those persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise, (hereinafter the "Defendants") are permanently enjoined from making, using, selling, offering to sell, promoting, marketing, distributing or importing software and kiosk systems embodying the invention claimed in the '071 Patent and/or '848 Patent or from contributing to or inducing others to make, use, sell, offer to sell, promote, market, distribute or import kiosks or kiosk software embodying the invention claimed in the '071 Patent and/or '848 Patent, including Netshift software versions 4.x , 5.x, 6.x and 7.x.

4. The Injunction described herein shall not apply if Defendants have obtained a written license agreement from Plaintiff Netkey permitting usage of the patented invention and are in compliance with such agreement.

5. The '071 Patent and the '848 Patent are valid. Defendants shall not contest the validity or enforceability of the '071 Patent and the '848 Patent. Licensee shall not finance or voluntarily aid third parties in challenging the validity or enforceability of the '071 and '848 Patents.

6. Defendants shall not voluntarily supply any third party with information relating to this action, the '071 Patent and the '848 Patent, or investigations regarding the '071 Patent and the '848 Patent.

7. Defendants shall destroy all documents belonging to the defendants located in the United States and elsewhere relating to the '071 Patent, the '848 Patent, and this action, including all investigation, pleadings, and other litigation files, within two (2) months from the date of this Order, except for an archival copy located in the UK

and such files that the Defendants attorneys have to archive under their legal obligations, such files are to remain closed under the existing Protective Order to being divulged to others. Defendants shall provide Plaintiff's counsel with a letter confirming such destruction.

8. "Concurrent with the parties' execution of this document, NetKey will file a Motion with the Court requesting the dismissal, with prejudice, of Defendants MontegoNet, LLC and Automobile Club of Hartford. The consideration for said dismissal is NetShift's execution of this Consent Decree."

9. The claims and counterclaims are dismissed with prejudice except that this Court retains jurisdiction over the Parties to enforce this Consent Judgment and Injunction.

By: _____
Gene S. Winter, Esq. (ct05137)
Helen M. Limoncelli, Esq. (ct24332)
St.Onge Steward Johnston & Reens LLC
986 Bedford Street
Stamford, Connecticut 06905-5619
Telephone: (203) 324-6155

Attorneys for Plaintiffs
Netkey, Inc.
Dated: 8 June 2004

By: *[signature]*
Michael G. Cooksey, Esq.
Cooksey & Cooksey, P.A.
1700 Broadway, Suite 1700
Denver, Colorado 80290
Telephone: (303) 860-0101

Attorney for Defendants
Dated: June 3, 2004

By: *[signature]*
Matthew J. Becker, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
Tel: (860) 275-0564

Catherine Dugan O'Connor, Esq.
Day, Berry & Howard LLP
One Canterbury Green
Stamford, Connecticut 06901
Tel:  (203) 977-7538

Attorney for Defendants
Dated: 6/9/04


                        SO ORDERED:


Dated: April ____, 2004   _____
                          Hon. Alfred V. Covello, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
2004 JUL -2 A 11: 36
U.S. DISTRICT COURT
HARTFORD, CT.

NETKEY, INC.              )
                          )
Plaintiff                 )
                          ) Civil Action No. 00 CV 1364(AVC)
v.                        )
                          )
NETSHIFT SOFTWARE, LTD.,  )
AUTOMOBILE CLUB OF HARTFORD, )
MONTEGONET, LLC,          )
                          )
Defendants/Counter-Claimants. )

## CLARIFICATION OF CONSENT JUDGMENT

The Court has requested clarification of the word "Licensee" in the "Consent Judgment And Injunction". The parties understand that the word "Licensee" refers to NetShift Software Ltd. and requests that the Court make the appropriate change.

_1 July 04_
Date

Respectfully submitted
By: _____
Gene S. Winter, ct05137
Helen M. Limoncelli, ct24332
St. Onge Steward Johnston & Reens LLC
986 Bedford Street
Stamford, Connecticut 06905-5619
Telephone: (203) 324-6155
Facsimile: (203) 327-1096

Attorneys for Plaintiff

June 29, 2004
Date

By: _Catherine O'Connor_
Catherine Dugan O'Connor, Esq.
Day, Berry & Howard LLP
One Canterbury Green
Stamford, Connecticut 06901
Telephone: (203) 977-7300
Facsimile: (203) 977-7301

Attorneys for Defendants

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing CLARIFICATION OF CONSENT JUDGMENT is being served this 1st day of ~~June~~ July, 2004 via facsimile and first class mail, postage prepaid to:

Michael G. Cooksey, Esq.
Cooksey & Cooksey, P.A.
1700 Broadway, Suite 1700
Denver, Colorado 80290
Facsimile: (303) 860-0102

And by first class mail only to:

Matthew J. Becker
Catherine Dugan O'Connor, Esq.
Day, Berry & Howard LLP
One Canterbury Green
Stamford, Connecticut 06901

7/1/04
Date